## WILLIAMS *v.* TOBIAS, Adm'r.

ADMINISTRATOR.—*Removal.—Practice.*—In a proceeding to remove an administrator on the ground that he has failed to make a true and complete inventory of the estate of the decedent, no other pleadings are authorized than the sworn application. The only judgment the court can render is one removing or refusing to remove. The statute is simply mandatory, and the action of the court on the application is very much within the discretion of the judge.

APPEAL from the Jennings Common Pleas.

BUSKIRK, J.—This was a proceeding on the part of the appellant to remove the appellee as administrator of the estate of James Tobias, deceased, on the ground that he had failed to make a full, true, and complete inventory of the estate of the said decedent. The proceeding is based upon section 22 of the act for the settlement of decedents' estates. 2 G. & H. 491.

The application was sworn to. The appellee filed an answer in eight paragraphs. The appellant demurred to some, and moved to strike out others, of such paragraphs, which

were overruled, and exceptions were taken, when replies were filed. These rulings are assigned for error.

We are of the opinion that, in such a proceeding as this, no other pleading than the sworn application is authorized. The answer, demurrers, motions to strike out, and the replies will be regarded as stricken from the record.

The cause was tried by the court and resulted in a finding for the appellee. A motion for a new trial was overruled, and an exception taken.

The evidence is embodied in a bill of exceptions. The evidence is very voluminous and conflicting. The trial seems to have been conducted on the theory that it was a proceeding to compel the administrator to account for the articles not inventoried, but such is not the case. The only judgment that the court could render in this proceeding was either removing or refusing to remove the administrator. When the administrator submits his report, the appellant or any other person interested in the estate can file exceptions to the confirmation of the report, or an independent proceeding may be instituted for that purpose.

It is quite manifest, from the evidence, that the appellee failed to make a full and complete inventory of the estate of the decedent, but this seems to have been caused more by bad advice than from any intention to defraud the estate. The laws of Congress or the rules and regulations of the army can have no weight in the courts of this State in reference to the settlement or distribution of the estate of a person subject to the laws of this State. The estate of the decedent must be settled under, and in conformity with, the laws of this State.

It is provided by the section upon which this proceeding is based that the court may remove an administrator for a failure to inventory the estate. It is not mandatory on the court. It is very much within the discretion of the common pleas court.

It was said by this court, in *Whitehall* v. *The State,* 19 Ind. 30, that "when we consider the supervisory power of the pro-

bate court, which our common pleas is, over executors, administrators, and guardians, and the duty resting upon that court to vigilantly exercise it, taken in connection with the amount of personal knowledge in the premises, which the court will generally, as a matter of course, possess, it will at once be conceded that, in a doubtful case, this court should not interfere with the action of the court below."

We think this case comes within the principle above laid down. The evidence is so conflicting that we would not have been inclined to interfere with the finding of the lower court if the administrator had been removed. We do not think there was such an abuse of the sound legal discretion vested in the court below as would justify us, under the rules and practice of this court, in disturbing the finding.

The judgment is affirmed, with costs.

*H. W. Harrington* and *C. A. Korbly*, for appellant.

*C. E. Walker*, for appellee.