## EWING *v.* EWING.

EXECUTOR.—*Removal.*—On a petition to remove an executor appointed in accordance with directions contained in the will, on account of his removal from one state to another and the resignation of his co-executor residing within this State, an answer by the executor that he had removed to the place of his present residence, where a large portion of the property of the estate was situated, for the purpose of managing such property to greater advantage, is not sufficient to defeat the petition.

APPEAL from the Allen Common Pleas.

PETTIT, J.—The petition or complaint in this case was this:

"The petition of George W. Ewing respectfully represents that he is one of the children and legatees of George W. Ewing, deceased, and as such is legally interested in said estate; that letters testamentary were issued on the —— day of ————, 1866, to Byron D. Minor and William A. Ewing, who were named in the last will of said decedent as executors thereof (a copy of which will is herewith filed and made a part hereof), by the clerk of this court; that at the time said letters were issued, the said William A. Ewing resided in Toledo, in the State of Ohio, but has since that time removed to Chicago, in the State of Illinois, where he now resides; that the said Byron D. Minor, who was and is a resident of Allen county, Indiana, on the 3d day of July, 1869, resigned said trust; since which time there has been no executor of said estate residing in the State of Indiana. Wherefore, your petitioner prays that the said William A.

Ewing may be removed from such executorship, and his letters suspended, and that an administrator with the will annexed be appointed."

This petition was verified by the oath of the petitioner in proper form. It is not necessary to notice the will further than to say that Byron D. Minor and William A. Ewing were appointed by it executors.

To this complaint the executor, William A. Ewing, appeared, and answered as follows: "Comes now William A. Ewing, and for answer to the petition herein, avers that at the time of the execution of the last will and testament of said George W. Ewing, deceased, this defendant was a resident of Toledo, in the State of Ohio, which fact was then well known to said testator; that he resided in the same place at the time letters testamentary were issued to him, and he took upon himself the duties of said trust; that he afterward removed to Chicago, in the State of Illinois, where a large portion of the estate of the deceased lies, for the greater convenience in the discharge of the duties of his said trust, and because that, by residing in Chicago, he could better subserve the interests of said estate; that he still resides in Chicago for the purpose aforesaid."

There was a demurrer for want of sufficient facts filed and overruled to this answer, and this ruling excepted to.

The only question presented is as to the correctness of this ruling. We hold that the answer was bad, and that the demurrer ought to have been sustained to it. Sec. 16, 2 G. & H. 488, provides: "If any executor, administrator with the will annexed, or administrator, shall die, resign, remove from the State, or his authority be revoked, or superseded, the remaining executor or administrator shall complete the administration of the estate; but, if no such executor or administrator be remaining in the State, the proper clerk or court shall grant letters of administration, or of administration with the will annexed, to any person entitled thereto, under the same regulations as in case of issuing the original letters; and which administrator, or administrator with the

will annexed, thus appointed *de bonis non*, shall have the same rights, and be subject to the same liabilities, as the executor or administrator first appointed."

This section is clear and needs no interpretation.  If the resident executor or administrator ceases, from any cause, to be such, it is the duty of the clerk or court to appoint an administrator, resident in the county where the estate is to be administered, with the will annexed, *de bonis non*.

Under the facts of this case, and the law arising on them, we hold that it is the duty of the court to appoint a resident administrator to take the place of Minor, the resigned executor.   We do not hold that the appointed administrator would be vested with all the trust powers conferred on Minor by the will, but only by such powers. and duties as were conferred and imposed by law on the resigned executor in the settlement of the estate; nor do we decide that this would remove the remaining executor, Ewing, or deprive him of any of the powers conferred, or relieve him from any of the duties imposed on him by law or by the will, as executor or trustee.

The judgment is reversed, at the costs of the appellee, with instructions to the court to sustain the demurrer to the answer, and for further proceedings.

WORDEN, C. J., having been of counsel *below, was* absent.

*J. Brackenridge, W. H. Coombs*, and *W. H. H. Miller*, for appellant.

*J. L. Worden, J. Morris*, and *W. H. Withers*, for appellee.