Phelps *v.* Martin.

———————

No. 7490.

## PHELPS *v.* MARTIN.

DECEDENTS' ESTATES.—*Attachment of Administrator.—Practice.—Pleading.* —A right to a trial by jury, "in all cases where there is an issue of fact," under section 188, 2 R. S. 1876, p. 556, implies the right in an administrator to put a case against him, under section 22 or section 161 of the act concerning the settlement of decedents' estates, in shape for trial by special pleas, or by answer in denial, tendering or forming issues of fact to be tried as such.

SAME.—Section 161, 2 R. S. 1876, p. 549, strictly construed, does not apply to the case of one who has been removed from his trust and is no longer an executor or administrator, but may, perhaps, be construed in connection with section 30, 2 R. S. 1876, p. 504.

SAME.—*Answer of Accomplished Wrong.*—An answer, showing that whatever wrong had been done was fully accomplished before the defendant's removal from his trust, that since his removal he has not had the balance due the estate in his possession or control, has not concealed it, and has no power to restore it, nor means with which to secure its restoration, constitutes a good and complete defence against procedure under section 161, 2 R. S. 1876, p. 549.

SAME.—*Intent of the Law.*—The object of the law under consideration was to effect a discovery and restoration, but not to punish for what could not be compensated.

From the Marion Circuit Court.

*J. M. Cropsey, F. M. Wright* and *W. H. Martz,* for appellant.

WOODS, J.—The appellant filed in the circuit court the following petition :

"In the matter of the estate of Allen E. Phelps: Now comes Allen C. Phelps, son and heir of Allen E. Phelps, deceased, and herein complaining of Daniel Martin says: That heretofore, on the —— day of February, A. D. 1876, said Daniel Martin was duly and legally appointed in Marion county, Indiana, executor of the estate of said deceased; that, as such executor, he received and collected of moneys belonging to said estate the sum of $10,183.82; that afterward, on the —— day of ———, 187-, said Martin was by this court removed from his said trust; that, during the time he was acting as such executor, he laid out and expended on behalf of said estate the sum of $4,501.21; that, at the time of his removal from said trust, he had in his possession, belonging to said estate, the sum of $5,682.61; that said Martin has ever since his said removal unlawfully and without right retained and concealed, and yet retains and conceals, from this court and from Thomas Cottrell, administrator *de bonis non* of said estate, the sum of $5,682.61, money belonging to said estate. Wherefore affiant prays that said Daniel Martin be attached and brought into court, and there examined under oath, touching said money. He further prays that all the property, both real and personal, belonging to said Martin, or in which he has any interest, be attached and held subject to the order of this court, after such examination. He further prays, that in case said Martin refuses to deliver up said money or secure the value thereof to the proper person, together with ten per centum damages thereon, that he may be committed to the county jail until the order of this court be complied with." This petition was signed and sworn to by the petitioner.

The court issued a writ of attachment against the person of the defendant, which was duly served. The defendant filed two paragraphs of answer, which the appellant moved to strike out, on the ground that an answer was not allowable in the case. This motion was overruled, and, saving an

exception, the appellant demurred to each paragraph of the answer. This demurrer was overruled to the second paragraph and the exception saved. Issue was joined by a reply in general denial, and, upon a trial by the court, there was a finding and judgment for the defendant, discharging him from custody, and for the recovery of his costs of the appellant.

Counsel for the appellant, in support of their claim that the case is not one which admitted of an answer by the defendant, except on oral examination under oath, cite the case of *Williams* v. *Tobias*, 37 Ind. 345. But if that case is good law, and in point to show that the defendant had no right to file an answer or special plea, it also shows that the refusal of the court to strike the answers out, if erroneous, was a harmless error. As in that case, so in this, "The answers, demurrers, motions to strike out, and the replies will be regarded as stricken from the record." See, also, *Ex parte Walls*, 73 Ind. 95.

We are not prepared, however, to assent to the proposition, that in this and in like cases, and in proceedings, such as was *Williams* v. *Tobias*, *supra*, to remove an administrator, under section 22 of the act concerning the settlement of decedents' estates, the defendant may not rightfully by special pleas or by answer in denial, tender or form issues of fact, to be tried as such. That he may, is the natural, if not necessary, inference from section 188 of that act, whereby the right of trial by jury is given "in all cases where there is an issue of fact." There is no express provision to the contrary, and in natural justice it must be permitted, that an administrator may deny any charge brought against him, whether like the one now before us, or made under section 22 of said act, in order to effect his removal, or, if he can admit the charge and plead in avoidance, he may do that. These are the recognized modes of forming issues of fact for trial, and the giving of the right of trial implies the right to put the case in shape for trial. See *McMahan* v. *Works*, 72 Ind. 19.

The second paragraph of answer ·was to the effect that,. upon the petition of certain of the sureties upon the defendant's bond as such executor, the court had revoked his letters, and had removed and discharged him from said trust,. without ordering or having theretofore ordered him to account for or to pay over any money or property to the court or to any person ; that he accounted to his successor in said trust and delivered to him all the property and assets of' said estate, except said sum of $5,682.61, for which, immediately after his appointment as administrator *de bonis non,*. said Cottrell brought suit against this defendant and his. bondsmen, and on the 20th day of May, 1877, recovered. against them a judgment for $6,463.66, including the statutory penalty, of which sum and judgment $4,950 have been paid, and execution is in the hands of the sheriff to enforce· the payment of the remainder ; that, shortly after his appointment as such executor, he collected said sum of $5,682.61 upon claims due said estate, and being engaged in a business which he supposed to be profitable, and supposing that he· owned property of the value of $20,000 over and above his indebtedness, and would be able to replace said money whenever· necessary, and intending so to do, he used the same in his said business ; but that, by reason of unforeseen business disasters,. and without any concealment or embezzlement, he had lost and was unable to restore said money, and has no money or· property with which to satisfy the residue of said judgment.

This prosecution, as the appellant claims, is brought under section 161 of the act concerning the settlement of decedents' estates, which provides :

"Sec. 161. In addition to removing him, if any executor or administrator shall embezzle or conceal any of the property of the decedent, the court shall attach his person and' property, and examine him under oath touching such property, and on his refusing to answer in such examination, or· to deliver up such property, or secure the value thereof to the·

persons interested in such estate, with ten per centum damages thereon, shall commit him to jail until the order of the court is complied with, or he be discharged according to law.''

Strictly construed, this section does not apply to the case of one who has been removed from his trust, and is no longer an executor or administrator. Perhaps, however, it may be construed in connection with section 30 of the same act, which provides that, ''Whenever any executor or administrator is removed, and his letters are superseded, if he at any time afterward unlawfully intermeddles with such estate, he shall be attached and imprisoned, not less than ten days nor more than one month, by the proper court of common pleas, upon complaint of any one interested.''

The petition charges that the defendant ''without right retained and concealed, and yet retains and conceals,'' said sum of $5,682.61 belonging to the estate, and this, if true, constituted such an intermeddling after removal, as brought the case within the scope of the section last quoted. The answer, however, is a complete defence, for it shows that whatever wrong had been done was fully accomplished before the removal of the defendant from his trust; that since the removal the defendant had not had the money in his possession or control, had not concealed and had no power to restore it, nor means with which to secure its restoration. While this does not exonerate the defendant and his bondsmen from liability to make good the amount of his defalcation, it does constitute a good defence against this procedure. When an administrator or executor is both delinquent and recalcitrant, refusing to answer questions, or to surrender assets or moneys of the trust, within his control, or to give security within his power to give, for the making good of his delinquency, the court may well exercise its indisputable power to enforce its orders by imprisonment; but this power was not designed to go further, and to be used as a punishment for past offences. The object of the law under con-

sideration was to effect a discovery and a restoration, but not to punish for what could not be compensated. *Ex parte Wright*, 65 Ind. 504, and cases cited.

The defence set up in this answer was sustained by such evidence as forbids an interference with the finding on the score of want of evidence.

Some exceptions have been saved to rulings of the court in admitting and excluding evidence, but the questions presented are of minor importance, and, whatever view might be taken of them, could not be deemed to have affected the merits of the trial.

The judgment is affirmed, with costs.