# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1882, IN THE SIXTY-
SEVENTH YEAR OF THE STATE.

---

No. 10,173.

## EX PARTE HAYES ET AL.

DECEDENTS' ESTATES.—*Attachment for Contempt Against Executor.—Motion
for New Trial.—Practice.*—The question, whether or not a motion for an
attachment for contempt against an executor should be verified, is not
raised by a motion for a new trial.

SAME.—*Will Construed.*—Full power conferred upon executors to sell and
convey property without reporting the sales or conveyances for confirm-
ation does not restrict the power of the court to require the application
of the proceeds of such sales to the payment of the debts of the testator.

SUPREME COURT.—*Judgment, Objection to Form of.—Exception.*—Objection to
the form or substance of a judgment should be made the subject of a
special exception or motion to modify, shown by a proper bill of excep-
tions. A general exception " to the judgment and the form thereof " is
insufficient.

From the Dearborn Circuit Court.

*W. H. Mathews* and *J. C. Denny,* for appellants.

*F. Adkinson* and *A. W. Gaines,* for appellee.

WOODS, C. J.—The appellants were cited, on the petition
of Joseph H. Burkham, to show cause why, as executors of

the last will of Joseph Hayes, they had not reported, nor applied to the payment of the debts of their testator, the sum of $4,000 which they had, as was alleged in the petition, received upon the sale of certain real estate in Illinois, and had converted to their own use. In obedience to the citation the appellants filed a report, in which they said:

"And these executors have to say in reference to the sale of the land in Illinois, * * and the money received by them therefor, that the matter is in the same condition that it was when reported to this court October 24th, 1881; and they say that the advices they last received from their attorney, who has the matter in charge, is by letter dated February 14th, 1882, and they are advised, and believe it to be true, that the defendants, who are claiming some interest in said land, have paid the costs in the first trial and taken a new trial as a matter of right, and it will be disposed of if possible at the next term of the court, and these executors object to reporting said sale and charging themselves with the proceeds thereof until the said sale is perfected, which can not be done until said matter is determined."

Upon the presentation of this report Burkham filed a motion for an attachment against the appellants, alleging that the report showed no " sufficient cause for not paying said money; that said sum of $4,000 was received from the sale of real estate made in June, 1881, and the real estate was then conveyed, and the executors then appropriated said money to their individual use and benefit, and had hitherto failed and refused to account for the same. Wherefore the petitioner moves that the executors be attached and imprisoned for contempt unless said money is forthwith paid on such claims, as is required by law.

Upon a hearing of evidence the court ordered that the motion be sustained, and "that the executors pay to the clerk of the court $4,000 received from the sale of land in the State of Illinois, with interest thereon from May, 1881, when received, within ten days, and in default they will be in contempt, and

the clerk of this court is directed to issue an attachment against them for contempt of court, requiring their arrest and imprisonment in the county jail until they purge themselves of such contempt or the further order of the court in the premises."

The appellants moved for a new trial, because the finding and judgment were "contrary to the evidence," "contrary to the law and the evidence," and "were not authorized by law and the evidence offered in the matter." This motion the court overruled; the appellants excepted, and have assigned the ruling as error.

Whether a motion for a new trial was necessary, and a proper means of saving any question, or whether the proceedings were summary, we need not and do not decide. See *Phelps* v. *Martin*, 74 Ind. 339.

Counsel for the appellants insist that the judgment should be reversed, because the motion upon which it was rendered was not verified; but the only error assigned being upon the overruling of the motion for a new trial, the question is not in the record, and as no exception was saved to any ruling made during the trial, the sole question, if any, presented is whether the finding is contrary to the law or the evidence.

The evidence showed that the appellants had sold and conveyed land in Illinois as charged for the sum of $4,250, of which all was paid in cash except $250 left unpaid, awaiting the settlement of a dispute concerning a lease of the land. The appellants gave their personal warranty against encumbrances on the land, but it was not shown that there was any liability not covered by that part of the price which was left unpaid. The appellants divided the $4,000 received in cash equally, and used the same in their private business. In their report of the sale made to the court on the 24th day of October, 1881, they said: "They have sold the 140 acres of land in Champaign county, Illinois, to VanVleck & Brothers for $4,250, the sale to be perfected only when the land is relieved from encumbrances, and the title is not yet perfected, but suit

pending." The suit referred to was shown to have been dismissed by the plaintiff in the action on the 8th day of March, 1882. It was also shown that before the making of the sale of the land claims had been allowed and judgments rendered against the estate to the aggregate amount of $29,000, of which portions were drawing interest at the rate of ten per cent., and other portions at a less rate.

While this evidence clearly tends to show that the appellants were withholding and using for their private benefit moneys of the estate which should have been applied upon its indebtedness, it is insisted that in doing so they did not transcend the discretion and powers conferred on them as executors by the will. The clauses of the will pertinent to the subject are as follows:

"Item 2. I will and direct that my executors, hereinafter named, pay promptly my funeral expenses out of the first moneys which may come into their hands, and then, as speedily as practicable, all my just debts.

"Item 5. After the death of my wife all the estate left by her, and derived from me, as well as the rents, profits and issues thereof, I will and direct that the whole of the same, whatever may not consist of moneys, or what is readily convertible into money, be by my executors sold, transferred, assigned or conveyed according to the nature thereof, and converted into money at the best price that can be obtained therefor, they alone being the judges of what such price should be; and for this purpose all such property is hereby assigned, transferred, granted and conveyed to them in trust, for the purposes hereinafter named, with full power and authority to grant, bargain, sell, convey and transfer and assign any and all such property to the purchasers in fee simple, absolutely or otherwise, without first obtaining the leave, license and authority from the otherwise proper court, and without being required to report any such sales, transfers, assignments or conveyances to such court for confirmation and approval, and being only required to report to the proper court, at the

proper time or times, the amount of the proceeds thereof, and of the disposition thereof, if any they have made thereof, and upon final settlement for final distribution among such of my heirs who may be entitled thereto, under the following provisions of this my will, to report to such court, fully, all the proceeds and moneys which came into their hands, and what disposition, if any, they have made thereof."

While the fifth item confers large discretionary powers upon the executors in reference to the sale of property belonging to the trust, there is nothing which, if it were possible so to do, puts any restriction upon the power of the court to require prompt application of moneys received upon such sales to the payment of the debts of the testator; and upon the facts shown in this case it would clearly have been proper for the court to have ordered the appellants to apply the money in their hands to the payment of claims in their proper order, and if, after the making of such order, the appellants, without lawful excuse, had failed to obey, it would doubtless have been proper for the court to enforce obedience by attachment. R. S. 1881, secs. 2383–4, 2393–4; *Ex parte Wright*, 65 Ind. 504; *Phelps* v. *Martin, supra.*

If, however, there was any error, as probably there was, in ordering the money paid to the clerk, instead of upon the claims directly, and in commanding the clerk to issue an order for the commitment of the appellants without a further showing before and a further order by the court, the error is not presented by the record. The bill of exceptions shows only a general exception " to the judgment and the form thereof," without any statement of the ground of objection, and without any motion to modify; and, as we have seen, error is assigned only upon the overruling of the motion for a new trial. R. S. 1881, sec. 628, 629; *Kissell* v. *Anderson*, 73 Ind. 485; *Adams* v. *LaRose*, 75 Ind. 471; *Merritt* v. *Pearson*, 76 Ind. 44.

Judgment affirmed, with costs.

Petition for a rehearing overruled.