No. 10,137.

## CLOUSER *v.* RUCKMAN ET AL.

DECEDENTS' ESTATES.— *Trial.—Jury.*—Any issue of fact concerning the settlement of the estate of a decedent was, prior to September 19th, 1881, triable by jury, at the request of either party, by the express provisions of section 188 of the act concerning decedents' estates, then in force.

From the Wells Circuit Court.

*W. A. Bonham* and *J. K. Rinehart,* for appellant.

*J. S. Dailey* and *L. Mock,* for appellees.

FRANKLIN, C.—Appellant commenced a suit to set aside an order made by the Wells Circuit Court in favor of appellees, alleging the same to be fraudulent. Appellee John M. Ruckman was the administrator of the estate of James M. Ruckman, deceased; and as such administrator, upon his petition, he procured an order from said court directing him as such administrator to surrender to himself individually a large amount of personal property belonging to said estate in payment and full discharge of two mortgages which he claimed to hold on said property. Appellant alleged in his complaint, that he was a creditor of said estate; that the estate was largely insolvent; that appellees' mortgages were fraudulent; that they were executed without any consideration, and for the purpose of defrauding decedent's creditors; that said deceased did not at the time of the execution of said mortgages have, nor has he or his estate at any time since had, sufficient other property subject to execution to pay all his debts; that appellee had full knowledge of all the facts at the times he received said mortgages, and fraudulently procured said order to be made by the court; and praying that said order be set aside, and the administrator be required to convert said property into assets for the payment of the debts of the estate. The appellee was made a party defendant both individually and as administrator. He filed a general denial as an answer.

When the case was called for trial, appellant demanded a jury. The court refused to submit the case to a jury for trial, and appellant excepted.

There was a trial before the court, a finding for appellees, and over a motion for a new trial judgment was rendered for the appellees.

The errors assigned are that the court erred in refusing to submit the trial of the case to a jury, and overruling the motion for a new trial.

The first specification is not proper in the assignment of errors, but is a proper reason in the motion for a new trial, and as such may be considered; it being the only question presented by appellant in his brief, and appellees having filed no brief, we proceed to consider it. The trial was had September 16th, 1881.

The questions of fraud in the execution of the mortgages, and fraud in procuring the order, are questions of fact and eminently proper to be submitted for decision to a jury under the code of 1852.

The Constitution of our State provides that, " In all civil cases, the right of trial by jury shall remain inviolate." And the fact that this case is connected with the settlement of decedents' estates, makes no difference in the rule. The 188th section of the statute in relation to the settlement of decedents' estates provides that " trials by jury shall be allowed at the request of any party in all cases where there is an issue of fact."

The denial of a charge of fraud presents an issue of fact. In the case of *Shaw* v. *Kent*, 11 Ind. 80, it was held that a trial by jury should have been granted, and that this court will not affirm a judgment in a case in which a trial by jury was denied, on the ground that the cause was fairly tried and determined on its merits by the court. The judgment was reversed.

In the case of *Hamlyn* v. *Nesbit*, 37 Ind. 284, where exceptions were filed to the final report of the administrator,

this court held that either party had a right to demand a trial by jury ; and the 188th section of the statute, *supra,* is quoted in support thereof.

In the case of *Lake Erie, etc., R. R. Co.* v. *Heath,* 9 Ind. 558, it was held that the Legislature could not take away the right to a trial by jury, where it is given by the Constitution.

In the case of *Reynolds* v. *State, ex rel.,* 61 Ind. 392, it was held that either party to a *quo warranto* proceeding was entitled as of right to demand a trial by jury ; and the refusal of a court to grant a trial by jury to a party entitled to and demanding it is a substantial error, notwithstanding the fact that, by the record, it appears that substantial justice was done. See authorities therein cited.

In the case of *Edwards* v. *Applegate,* 70 Ind. 325, which was an application to enjoin the sheriff from selling real estate, it was held that the parties were entitled to a jury trial.

In the case of *McMahan* v. *Works,* 72 Ind. 19, it was held that the clause of the Constitution providing, that in all civil cases the right of trial by jury shall remain inviolate, embraces only such cases as were treated as civil cases in this State when the Constitution was adopted, and in a proceeding supplemental to execution under section 522 of the code, where issues of fact are found, such as in ordinary cases are triable by jury, the parties should not be denied the right of such trial. The judgment was reversed.

In the case of *Phelps* v. *Martin,* 74 Ind. 339, it was held that, in a case of proceedings to remove an administrator, issues of fact might be formed that would entitle the parties to a trial by jury.

From the foregoing decisions we think it clear that in the case at bar the appellant was entitled to a jury trial. The question of fraud is most usually submitted to a jury, and courts are generally desirous of having it so submitted ; and when such submission is demanded by a party who is entitled to it, it is error to refuse it. The court erred in overruling

the motion for a new trial. The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellees' costs, and that the cause be remanded, with instructions to the court below to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.