Filed Jan. 26, 1884.

———————◆———————

No. 10,230.

## McFADDEN *v.* ROSS ET AL.

DECEDENTS' ESTATES.—*Removal of Administrator.—Pleading.—Practice.— Case Overruled.*—An application for the removal of an administrator, under section 2245, R. S. 1881, may be verified by the oath of the applicant or any competent person, and by section 2246 an answer and other pleading necessary to form an issue are required, and a trial by the court without a jury. *Williams* v. *Tobias,* 37 Ind. 345, overruled.

SAME.—*Excuse for Failure to File Inventory.—Discretion of Court.—Evidence.* —Where the answer in such case admits a failure, as charged, to file an inventory and reports, and sets up matters in excuse, no evidence is necessary on behalf of the applicant, and the court may consider the sufficiency of the excuse and adjudge the case thereon, and the Supreme

Court will not review the exercise of discretion therein unless abuse appears.

From the Shelby Circuit Court.

*J. B. McFadden* and *E. S. Stillwell,* for appellant.

*O. J. Glessner, E. K. Adams, L. J. Hackney, T. B. Adams, L. T. Michener* and *G. M. Wright,* for appellees.

NIBLACK, C. J.—This was a proceeding to remove an administrator. The petition stated that James B. McFadden was, on the 26th day of March, 1880, by the Shelby Circuit Court, appointed administrator of the estate of Joseph Nichols, deceased, and that he lawfully qualified as such administrator; that James R. Ross and John B. Stumph, two of the petitioners, had, in a certain action, recovered a judgment against the said McFadden, as administrator of said estate, for costs of suit amounting to the sum of $5.40; that Emil Fritz, Fedor Fritz, Otto Fritz and Richard Fritz, the remaining petitioners, had, also, in a certain other action, recovered a judgment against the said McFadden as administrator of the same estate, for the aggregate sum of $7.75; that more than a year had elapsed since his appointment, and the said McFadden had failed to make and return any inventory of the personal estate which had come into his hands, and had made no report of any kind concerning said personal estate. Wherefore the petitioners demanded that the said McFadden be removed, and the letters of administration issued to him be superseded. The facts alleged in the petition were verified by the oath of one John B. Sedgwick, but his name did not appear in the petition, and there was nothing in his affidavit showing that he had any interest in the estate.

McFadden moved to dismiss the petition because it did not appear that the person who verified it by his oath was in any way interested in the estate of his decedent; but, that motion being overruled, he answered in writing, under oath, that, at the time of his appointment as administrator, all the property which belonged to the estate, or in which the estate had any

interest, so far as he had any knowledge, consisted of an in-terest which the decedent claimed to have in certain personal property, by virtue of a chattel mortgage executed to him by one George D. Nichols to secure the payment of the sum of $550, which property, when he, the said McFadden, became administrator, had been sold upon an execution against, and as the property of, the said George D. Nichols, and was in possession of the purchasers under such execution; that said property ever since his appointment as administrator had been, and still was, in controversy, he having been, during all that time, contesting the adverse claims of other persons to such property, and being still engaged in an effort to re-cover the possession of the same; that it was for that reason that he had failed to make and return an inventory of the personal estate of the decedent, or to render any other account of the condition of the estate; that he had no money in his hands belonging to the estate.

This answer was denominated in the proceedings an answer and report.

The cause was submitted to the court for trial upon the pe-tition and answer, and, without the introduction of any evi-dence, the court made a finding for the petitioners and ren-dered a judgment of removal and of revocation of his letters of administration against McFadden.

It is contended that the court erred: *First.* In refusing to dismiss the petition. *Secondly.* In finding for the petitioners without the introduction of any evidence.

The act of June 17th, 1852, concerning the settlement of decedents' estates, was in force when the proceedings below were had.

So much of section 22 of that act as had any application to this proceeding was as follows:

"On the written application, verified by oath, of any per-son interested in the estate, or of any co-executor, co-admin-istrator, or surety of such executor or administrator specify-ing the grounds of complaint, any executor, or administrator

with the will annexed, or administrator may be removed, and his letters superseded by the court in which such letters issued for any of the following causes. * * * * * * * *Second.* When he shall fail to make and return inventories and sale-bills, or to render account of his administration according to law." 2 R. S. 1876, p. 502.

It is argued in support of the objection that the petition ought to have been dismissed; that, under this statute, the person who swore to the petition, as well as the petitioner, must have had some interest in or connection with the estate, and that such interest in or connection with the estate ought to appear affirmatively either in the petition or in the affidavit verifying it.

We do not give the statute so strict a construction. We think that when the petition shows the necessary interest in, or responsibility for the administration of, the estate, it may be verified by the oath of any competent person.

The petition in this case was certainly none the less verified because the person swearing to it had no interest in the estate.

In support of the objection that the court erred in finding for the petitioner without the introduction of any evidence, counsel cite the case of *Vail* v. *Givan*, 55 Ind. 59, as holding that evidence is necessary to sustain the allegations of the petition in proceedings to remove an administrator.

That case was tried on the evident theory that an issue had in some way been formed upon the allegations of the petition, and when an issue is so formed in a case like this, the burden of proof is upon the petitioner, as in other cases where affirmative relief is demanded. This is clearly inferable from section 25 of the act of June 17th, 1852, *supra.* In the absence of any express statute, such would be the rule in analogy to adversary proceedings in ordinary civil actions.

The answer in this case, as an examination of it will disclose, did not controvert any of the allegations of the petition. Consequently, it impliedly admitted the truth of these

allegations, and only sought to break their force by setting up matters in condonation which were addressed simply to the discretion of the court, without either forming or tendering any issue upon the petition.  2 R. S. 1876, p. 71, section 74.  When, therefore, the cause was submitted upon petition and answer, no proof was necessary to establish the allegations.of the petition.  The facts relied upon in condonation being also practically admitted, the case became one for the exercise of a sound discretion on the part of the court.  In such cases, all the presumptions are taken in favor of the action of the court below, and this court will not revise the exercise of such a discretion unless it be affirmatively shown that it has been improperly exercised.

As the case was submitted to the court, the administrator stood confessedly guilty of *laches* in not making an inventory within the time limited, and of not submitting a report at the end of the year, either with a view of making final settlement or of procuring an extension of time in which to make such a settlement.  Under such circumstances, no reason is afforded us for holding that the court exercised its discretion unjustly.  It is true, that the judgments held by the petitioners were for little more than nominal sums, and that no assets were shown to have come into the hands of the administrator, and that hence the case made for the administrator's removal was seemingly not a very urgent one ; but these were only incidental and not necessarily controlling circumstances.  We must assume that these circumstances were duly considered by the circuit court, and were given all the weight to which they were entitled.  In the appointment as well as the removal of executors and administrators, a large discretion is, from the very nature of those duties, devolved upon the circuit courts.

But, upon the authority of the case of *Williams* v. *Tobias,* 37 Ind. 345, counsel insist that the answer in this case was improperly received and treated as a pleading in the cause, and ought for that reason to be considered as struck out of the

record in this court; that, with the answer eliminated from the record, the petition stands as having been neither admitted nor proven in the circuit court.

In the case lastly referred to, this court did decide that in cases like this no pleading except the petition or sworn application was authorized, but upon a careful review of that case we have reluctantly come to the conclusion that, in the respect stated, it can not be sustained.

Section 23 of the act of June 17th, 1852, further enacted that "On the filing of such application, or upon the order of court, the clerk shall issue a citation to the person complained against, requiring him to appear and *answer*, which citation shall be served on him ten days before the hearing of the cause."

Section 25 of the same act heretofore referred to further provided that "At the term of court next after notice has been given, the court shall proceed to hear the proofs and allegations of the parties; and upon such hearing, may examine such executor or administrator on oath."

These last named sections evidently contemplated the filing of an answer where an application to remove an executor or administrator is made, the formation of issues, and a trial by the court upon evidence, in the exercise of its probate jurisdiction, in a manner more summary but still somewhat analogous to ordinary civil actions. As has been seen, the administrator, in addition to answering the application as an action against him, may be examined on oath orally at the hearing. So much, therefore, of the case of *Williams* v. *Tobias, supra,* as holds that in cases like this no pleading is authorized, except the sworn application, must hereafter be considered and treated as overruled.

We feel less hesitation in announcing this conclusion, because the more recent case of *Ewing* v. *Ewing,* 38 Ind. 390, was decided upon the theory that an answer might rightfully be filed in the class of cases to which this belongs, and is, consequently, inconsistent in principle with the case of *Williams* v. *Tobias, supra.* Besides, it has been held, and we still

think correctly, that where pleadings are filed in the *nisi prius* court without objection, no question can be made here upon the propriety of permitting such pleadings to be filed. *Puett v. Beard,* 86 Ind. 172 (44 Am. R. 280).

The answer in this case having been voluntarily filed by the administrator, and treated as a pleading regularly before it by the circuit court, without objection from him, he can not, in any event, be heard here to object that the answer is not properly in the record.

The judgment is affirmed, with costs.

Filed Oct. 16, 1883. Petition for a rehearing overruled Jan. 26, 1884.