Galway *et al. v.* The State, *ex rel.* Ballow *et al.*

No. 10,934.

GALWAY ET AL. *v.* THE STATE, EX REL. BALLOW ET AL.

PRACTICE.—*Harmless Error.*—There is no available error in sustaining a demurrer to a paragraph of answer where all the facts alleged therein may be proven under another upon which issue is made.

TRIAL.—*Jury.—Equity.—Suit on Guardian's Bond.—Constitutional Law.*—A suit upon a guardian's bond is not a suit in equity, but purely at common law, and it is error to refuse a trial by jury.

| 93 | 161 |
| 132 | 485 |
| 133 | 427 |
| 93 | 161 |
| 166 | 441 |
| 166 | 443 |

From the Howard Circuit Court.

*M. Bell, W. C. Purdum* and *M. Garrigus,* for appellants.

*J. F. Elliott, J. A. Swoveland* and *J. I. Parker,* for appellees.

FRANKLIN, C.—Appellees sued appellants on a guardian's bond. An answer in five paragraphs was filed. A demurrer was sustained to the third and fourth and overruled to the second and fifth, the first being a denial. A reply in denial was filed to the second and fifth and a special paragraph to the second, to which a demurrer was overruled. Appellants requested a trial by jury, which was refused by the court, and the case was referred to a master commissioner to hear the evidence and report the facts. Upon the filing of the report of the master commissioner appellants filed exceptions to it, which were overruled by the court; and, over a motion for a new trial, judgment was rendered for appellees.

Errors have been assigned upon the foregoing rulings. The third and fourth paragraphs of the answer allege that the property was sold and the money received and converted by the guardian before the order of the sale by the court and before the execution of the bond, and that none of it was received or converted after the execution of the bond sued on.

There is no available error in sustaining the demurrer to the third and fourth paragraphs of the answer, whether they were good answers or not; all the facts that could have been given in evidence under either of them were admissible in evidence under the general denial of the first paragraph, and

appellants could not have been injured by the sustaining of the demurrer. The second paragraph of the reply was to the set-off in the second paragraph of answer, and alleges that the same was settled in the reports of said guardian and approved by the court.

We do not think that there was any error in overruling the demurrer to the second paragraph of the reply. If it was thought not specific enough, the remedy was by motion to make it more specific, and not by demurrer.

Among the reasons assigned for a new trial is the one that the court refused to submit the cause to a jury for trial.

Appellees insist in their brief that this question is not properly in the record; that the record does not show an exception to the ruling of the court upon this question; that although the bill of exceptions shows that the refusal to submit the cause to a jury for trial, and the referring of it to a master commissioner was all excepted to at the time by appellants, this is not sufficient unless the order-book entries show that the exceptions were taken at the time of the ruling. The order-book entries do show that an exception to the ruling refusing to grant a jury trial was taken at the time of the ruling. But they do not show that any exception was taken at the time to referring the cause to a master commissioner. This latter exception is only shown by the bill of exceptions, and we do not think that the omission in the record entries of the latter exception can be construed into a waiver of the former exception.

The question as to the refusal to submit the cause to a jury for trial is properly in the record.

" The right of trial by jury shall remain inviolate," is a constitutional provision, but has been decided to mean that it merely preserves a right already existing, and does not extend it. That suits in equity were always, as of right, heard and determined by the chancellor; the Constitution does not prohibit the Legislature from declaring that suits in equity may be tried by the court. *Carmichael* v. *Adams*, 91 Ind. 526.

Hence our Legislature has provided by the 409th section of the R. S. 1881, that " Issues of law and issues of fact in causes that, prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction, shall be tried by the court; issues of fact in all other causes shall be triable as the same are now triable."

In determining the question whether a cause must be tried by the court, or is triable by a jury, we must look to the complaint, the rights involved, and the relief demanded. The cause of action in this case is based upon contract, and the relief sought is a personal judgment for damages for a breach of the contract.

" In actions of law, the recovery must be for money or specific property. In equity, as a rule, the suit is to compel the defendant to do some specific thing, to enforce a lien, or to relieve the plaintiff or his property from liability by the cancellation of some contract, and other like remedies. Therefore, if the form of the verdict must be : We, the jury, find for the plaintiff, and assess his damages, etc., or, We, the jury, find for the plaintiff that he is the owner and entitled to the possession of the property, it may be safely placed as one within the jurisdiction of a court of law and triable by jury." 1 Works Prac., p. 538, section 827.

When a party is entitled to a trial by jury, he can not be deprived of it, against his expressed wish, upon the ground that the court fairly tried and correctly determined the case. *Shaw* v. *Kent,* 11 Ind. 80.

In the case of *Clouser* v. *Ruckman,* 89 Ind. 65, it was held by this court, that the questions of fraud in the execution of the mortgages, and fraud in procuring the order, are questions of fact and eminently proper to be submitted for decision to a jury. That the case was connected with the settlement of decedents' estates does not change the rule. See the authorities therein cited.

The questions in this case of receiving and converting the assets of the wards, the failure to account for and pay over

the same, together with, the offsets claimed, were mere questions of fact proper to be submitted to a jury.

Actions on penal bonds for a mere breach of the bond have always been regarded as actions at law, and under the provisions of the before quoted statute of 1881, upon the request of either party, must be tried by a jury.

The court erred in refusing to submit the cause to a jury for trial. As to the other causes stated for a new trial, they may not again occur in a subsequent trial, and it is unnecessary now to decide them.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded with instructions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.

