Kitts *et al. v.* Willson *et al.*

Filed April 3, 1886.

---

No. 12,047.

KITTS ET AL. *v.* WILLSON ET AL.

REAL ESTATE.—*Action to Quiet Title.—Pleading.*—In an action to quiet title, it is not necessary that the complaint should aver in terms that the defendant's claim of title is adverse to the title of plaintiff, if the facts pleaded show that such claim is inconsistent therewith.

SAME.—*Partition.—Right to Trial by Jury.*—The partition of real estate was not a matter of exclusively equitable jurisdiction in this State prior to June 18th, 1852, nor is it a subject of exclusive equitable jurisdiction within the general principles governing proceedings in chancery; and in an action for partition a trial by jury may be demanded.

From the Ripley Circuit Court.

*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellants.

*J. G. Berkshire,* for appellees.

NIBLACK, C. J.—Complaint by Sarah Kitts charging that, on the 13th day of January, 1864, David H. Kitts, her late husband, was the owner of certain particularly described real estate, consisting of two tracts of land in Ripley county; that on that day he and the plaintiff, who was then his wife, by a warranty deed in form, mortgaged said lands to James H. Cravens to secure the payment of a sum of money; that, on

the 31st day of October, 1873, Cravens conveyed these lands to William D. Willson by warranty deed, in consideration of the sum of $3,000, of which $2,000 remains unpaid; that, on the 13th day of January, 1874, the latter conveyed one-fourth of the same lands to Thomas E. Willson; that the Willsons purchased with full knowledge of all the facts; that David H. Kitts continued in possession until 1868, when he removed west; that he returned in 1871, and resumed possession in which he continued until his death, which occurred on the 14th day of October, 1873; that his family continued in possession until the 2d day of February, 1875, when they were evicted by Cravens; that David H. Kitts died intestate, leaving the plaintiff as his widow, and James B. Kitts as his surviving child, and John S. Preble his son-in-law, and Lou Preble, John W. Preble, Helena B. Preble, David E. Preble, Benjamin F. Preble, Minnie Preble and Laura Preble, children of Sarah E. Preble, his deceased daughter, as his only heirs at law surviving him; that in addition to the one-third part which had descended to her from her husband, the plaintiff had inherited two undivided sixth parts of said lands from two deceased children. Wherefore the plaintiff demanded that partition be made of the lands in question, setting off one-half in value to her, and that her title be quieted. Some additional averments were contained in a second as well as a third paragraph of the complaint.

Issue being joined upon the complaint, the Willsons filed a cross complaint, in two paragraphs, against the plaintiffs and their co-defendants.

The first paragraph averred the conveyance of the lands by the plaintiff and her late husband, to Cravens; that the conveyance was in consideration of the sum of $1,200 and the assumption by Cravens of the school fund mortgage on one of the tracts of land for $139; that Cravens conveyed the lands to William D. Willson by warranty deed in consideration of the sum of $2,500; that the latter conveyed a one-fourth interest in the lands to Thomas E. Willson in

consideration of $800; that in consequence the cross complainants owned the lands in fee simple; that the plaintiff had given out in speeches that the conveyance by her and her late husband to Cravens was only a mortgage, and that the cross complainants had purchased with knowledge of all the facts; that the plaintiffs had commenced an action for the recovery of an interest in the lands, based upon that pretended state of facts; that these speeches and proceedings had cast a cloud upon the title of the cross complainants which they demanded should be removed, and their title thereby quieted.

No question arises here upon the second paragraph of the cross complaint. It need not, therefore, be further noticed.

A demurrer being first overruled to the cross complaint, issue was also joined upon it, and when the cause was called for trial, Sarah Kitts, the plaintiff in the original complaint, demanded that a jury be impanelled to try the issues formed between the parties respectively, but that demand was refused, and the circuit court proceeded to try the cause without a jury. After hearing the evidence, that court made a finding in favor of the Willsons upon the first paragraph of their cross complaint, and rendered judgment thereon quieting their title to the lands in controversy as against all the other parties to the proceeding.

It is first claimed that the circuit court ought to have sustained the demurrer to the first paragraph of the cross complaint for its failure to aver that the claim of title, set up by the widow and heirs of David H. Kitts, was adverse to the title of the cross complainants. As has been seen, the paragraph did not aver in terms that the claim of title so set up was adverse to the title of the cross complainants, but the obvious inference from the facts alleged was that the claim of title in question was inconsistent with, and hence adverse to, the claim asserted by the cross complainants, and that made the paragraph, in respect to the adverse nature of the claim,

sufficient upon demurrer.  *Second Nat'l Bank* v. *Corey*, 94 Ind. 457.

It is next claimed that the circuit court erred in refusing to impanel a jury to try the issues formed in the cause.

The Revised Statutes of 1843, p. 811, section 114, provided that "All persons holding lands as joint tenants or tenants in common, may be compelled to divide the same either by writ of partition at common law or by proceedings in chancery, or in the manner provided in this article," the latter clause having reference to certain statutory proceedings for partition authorized by the article of the statute, of which such section 114 was the first section.   This provision on the subject of the partition of real estate was in force when the present constitution of the State was adopted, and continued in force until it was superseded by the code of 1852.   The partition of real estate was not, therefore, a matter of exclusively equitable jurisdiction in this State prior to the 18th day of June, 1852, within the meaning of section 409 of the code of 1881.   Nor is it a subject of exclusive equitable jurisdiction within the general principles governing proceedings in chancery.

The common law writ of partition is very ancient, and so, also, is the jurisdiction of courts of equity in cases of partition, a bill for that purpose having been brought as early as the reign of Queen Elizabeth.   5 Wait's Actions and Defences, 82.   Story, in his work on Equity Jurisprudence, says: "That the writ of partition is a very ancient course of proceeding at the common law is not doubted.   But it by no means follows that the courts of common law had an exclusive jurisdiction over the subject of partition."   See sections 646, 647, *et seq.*

Pomeroy, in his work on the same subject, in referring to cases in which courts of law and courts of equity have concurrent jurisdiction, includes suits for partition as belonging to that class of cases.   See sections 174, 185.

It follows, therefore, that from the earliest period in which we find precedents on the subject, the courts of law and the courts of chancery have had, and except where otherwise expressly provided still have, concurrent jurisdiction in suits for partition, and that hence such suits have not been, and are not now, the subjects of exclusive equitable jurisdiction. Although this proceeding was primarily a suit for partition, it was also in some of its features an action to quiet title, and it was especially so in this latter respect, so far as it rested upon the cross complaint. We have held that in an action to quiet title a trial by jury may be demanded, upon the ground that the relief sought in such a case is not within the exclusive jurisdiction of the court, in the exercise of its chancery power. *Trittipo* v. *Morgan*, 99 Ind. 269. There was, consequently, nothing in the proceeding which involved any controlling matter of exclusively equitable jurisdiction. It further follows that the circuit court erred in refusing to impanel a jury to try the cause.

As having some relation to the manner in which particular causes must be tried, see the cases of *Hendricks* v. *Frank*, 86 Ind. 278; *Evans* v. *Nealis*, 87 Ind. 262; *Clouser* v. *Ruckman*, 89 Ind. 65; *Helm* v. *First Nat'l Bank*, 91 Ind. 44; *Anderson* v. *Caldwell*, 91 Ind. 451 (46 Am. R. 613); *Carmichael* v. *Adams*, 91 Ind. 526; *Lake Erie, etc., R. W. Co.* v. *Griffin*, 92 Ind. 487; *Pence* v. *Garrison*, 93 Ind. 345; *Israel* v. *Jackson*, 93 Ind. 543; *Edwards* v. *Dykeman*, 95 Ind. 509; *Redinbo* v. *Fretz*, 99 Ind. 458; *Rout* v. *King*, 103 Ind. 555.

Cross error is assigned upon the alleged insufficiency of the complaint, but no argument has been submitted in support of that allegation of error, and we have not in consequence considered the question of the sufficiency of the complaint. Besides, the judgment appealed from in this case rests entirely upon the cross complaint, as a pleading distinct from and independent of the complaint. Some light may be thrown, however, upon the question of the sufficiency of the

complaint by a reference to the case of *Cravens* v. *Kitts*, 64 Ind. 581.

The judgment is reversed with costs, and the cause remanded for a new trial.

Filed March 2, 1886; petition for a rehearing overruled June 17, 1886.