Filed March 23, 1886.

---

No. 12,747.

JOHNSON ET AL. *v.* TAYLOR ET AL.

ACTION TO QUIET TITLE.—*Pleading.—Complaint.*—In an action to quiet title, a complaint or cross complaint, which substantially alleges that the plaintiff, or cross complainant, is the owner of the real estate in controversy, or of a certain interest therein, describing the same, and that the claim of the defendant to his action or cross action in or to such real estate, or interest therein, is adverse to the title asserted by him, or is unfounded and a cloud upon his title, is good on demurrer.

SAME.—*Trial by Jury.*—In a statutory action to quiet title, either party thereto is entitled of right to a trial by jury of the cause if demanded at the proper time, notwithstanding the provisions of section 409, R. S. 1881.

From the Starke Circuit Court.

*H. R. Robbins, J. M. Howard* and *T. J. Merrifield,* for appellants.

*F. Church* and *J. F. Church,* for appellees.

HOWK, J.—On the 16th day of March, 1885, the appellants, James R. Johnson, Thomas J. Merrifield, Henry R. Robbins and Sylvester A. McCrackin, commenced this action in the court below against the appellees, John Taylor, Sr., John A. Taylor, Margaret Taylor, Lydia M. Taylor and Gilbert M. Daniels, as defendants. The object of appellants' suit, as stated in their complaint, was to quiet their title to certain real estate, particularly described, in Starke county, against the pretended claims of appellees to some interest therein or title thereto, contrary and adverse to appellants' title. Appellees John Taylor and John A. Taylor jointly an-

swered in two paragraphs, of which the first was a general denial of the complaint; and in the second paragraph they said that on the 4th day of February, 1885, they sold and conveyed by their warranty deed, and for a valuable consideration, all their right, title and interest in and to the real estate, described in appellants' complaint, to their co-appellee Gilbert M. Daniels, and they disclaimed having any interest therein. Appellees Margaret and Lydia M. Taylor jointly answered by a general denial of the complaint. Appellee Daniels answered by a general denial of the complaint, and, also, filed a cross complaint, setting up his title to the real estate in controversy, and praying that his title might be quieted in him against the unfounded claims of appellants. To Daniels' cross complaint appellants answered in two paragraphs, the first of which was a general denial, and the second paragraph was a special answer. ·

The cause was tried by the court, and, at appellants' request, the court made a special finding of the facts, and thereon stated its conclusions of law in favor of appellee Daniels. Over appellants' exceptions to the conclusions of law, the court adjudged and decreed that appellee Daniels was the owner of the real estate in controversy, and that his title thereto ought to be quieted and forever set at rest as against the appellants.

The first error, of which complaint is here made on behalf of appellants, is the overruling of their demurrer to the cross complaint of appellee Daniels.

In his cross complaint the appellee Daniels alleged that at the time of the commencement of this suit he was the owner in fee simple, and, by his tenants, in the possession, of the real estate described in appellants' complaint herein ; that appellants claimed to have a title to such real estate, by virtue of a sheriff's deed, dated on February 23d, 1885, and executed on a pretended sale of such land by the sheriff of Starke county, under an execution or order of sale issued to him by the clerk of the Pulaski Circuit Court against the defendant

John A. Taylor, in a proceeding commenced in the Starke Circuit Court by attachment, and changed to Pulaski county, and in no other way; that appellee Daniels purchased such land of the defendants John A. Taylor and John Taylor, on January 26th, 1885, who delivered to him their warranty deeds, duly executed and acknowledged, dated February 4th, 1885, and recorded on the next day in the recorder's office of Starke county, and that he paid therefor the sum of $3,000; that the defendants John A. and John Taylor, at the time of Daniels' purchase, were the owners of such land; that appellee Daniels, at the times of his purchase of, and payment for, such real estate, had no notice whatever of any of the proceedings or claim of the appellants, and was a *bona fide* purchaser thereof for a full and sufficient consideration, which was fully paid; that appellants' proceedings, if any were had, were void as to him, Daniels, and were without any actual or constructive notice to him, and without force and effect; and that appellants' claim, and their pretended proceedings and sheriff's sale as aforesaid, tended to be and were a cloud upon the title of appellee Daniels to such real estate. Wherefore, etc.

It is very clear, we think, that no error was committed by the court in overruling appellants' demurrer, for the alleged want of sufficient facts, to the cross complaint of appellee Daniels. In the statutory action to quiet the title to real estate, what is required to be stated in the complaint or cross complaint, wherein such relief is sought, is so plainly indicated in and by the provisions of section 1070, R. S. 1881, that it would seem to be difficult for any one, with the statute before him, to so prepare such a pleading that it would not withstand a demurrer thereto for the want of sufficient facts, and yet it has sometimes been done. The provisions of section 1070 have always been liberally construed by this court. Of course, in such an action, the plaintiff or cross complainant must allege in his complaint or cross complaint, that he is the owner of certain real estate, or of a certain interest therein, describing the same; and that the claim of the de-

fendant to his action or cross action, in or to such real estate or interest therein, is adverse to the title asserted by the plaintiff, or is unfounded and a cloud upon plaintiff's title. When the complaint or cross complaint, in such an action, substantially alleges such facts as those stated, as does the cross complaint of appellee Daniels, in the case in hand, it is good on demurrer thereto, for the want of sufficient facts. This, we think, is settled by our decisions. *Marot* v. *Germania, etc., Ass'n,* 54 Ind. 37; *Jeffersonville, etc., R. R. Co.* v. *Oyler,* 60 Ind. 383; *Second Nat'l Bank* v. *Corey,* 94 Ind. 457; *Conger* v. *Miller,* 104 Ind. 592.

The next error complained of, in argument, by appellants' counsel, is the refusal of the court to allow appellants a trial of the cause by jury when demanded by them, and in sustaining appellees' objections to the submission of the cause to a jury for trial. The ruling and decision of the court complained of were properly saved in the record of the cause by bill of exceptions, and are presented here, for our consideration and decision, by proper assignments of error. We think this error is well assigned. Our action to quiet the title to real property as it now exists and has existed since May 6th, 1853, is undoubtedly of statutory origin—the creature of the statute. Section 1070, R. S. 1881, which is substantially a re-enactment of section 611 of the civil code of 1852, provides by whom and against whom and under what circumstances our statutory action to quiet the title to real property may be brought, and indicates very clearly, as we have already said, what facts must be shown in the complaint or cross complaint, wherein such relief is sought. So, in the next section 1071, R. S. 1881, it is further provided in effect that the rules of practice which are prescribed for and govern the proceedings in actions of ejectment or to recover the possession of real estate, shall, in our statutory actions to quiet title, " be observed as far as they are applicable." This provision, also, is a re-enactment of section 612 of the civil

code of 1852, in force on May 6th, 1853, and until superseded by section 1071, *supra*, now in force.

Doubtless, it is true that prior to the adoption of either of our codes of civil practice, we had in this State suits to quiet the title to real property, which were then the subjects of "exclusive equitable jurisdiction." It is true, also, that our statutory actions to quiet title are founded upon, and, in the absence of conflicting legislation, are governed by the principles and rules of equity jurisprudence. While the General Assembly may not abolish or abrogate the eternal principles of equity, yet its power over the modes of procedure, even in suits of exclusive equitable cognizance, is plenary and complete, and is universally recognized. *Pressley* v. *Lamb*, 105 Ind. 171; *First Nat'l Bank, etc.,* v. *U. S. Encaustic Tile Co.*, 105 Ind. 227.

Construing sections 1070 and 1071, *supra*, in connection with the sections precedent and subsequent, in relation to the same subject-matter, the legislative intent is clearly manifest, as it seems to us, that the modes of procedure, rules of practice and manner of trial, in suits in ejectment or for the recovery of real estate, must be observed in our statutory actions to quiet title, as far as they are applicable. Accordingly, it must be held, in such statutory actions to quiet title, that either party thereto is entitled of right, notwithstanding the provisions of section 409, R. S. 1881, to a trial by jury of the cause, if demanded at the proper time. It was so held by this court in the well considered case of *Trittipo* v. *Morgan*, 99 Ind. 269, and we adhere to that decision. The court there said:

"We think it clear that the issue joined in the statutory action to quiet title can not be said to be one that was exclusively of equitable jurisdiction under the law as it existed prior to June, 1852. The truth is that prior to the enactment of our statute, there was no such issue either at law or in equity as that which the litigants arrive at in the present action to quiet title to real property. The issue is

such as the statute creates, and not such as existed under the
doctrines of the courts of equity." See, also, the more re
cent case of *Kitts* v. *Willson, post,* p. 147.

We are of opinion that the court clearly erred in refusing
the appellants a trial of this cause by a jury, and that, for
this error of law, their motion for a new trial ought to have
been sustained.

The judgment is reversed with costs, and the cause is re-
manded for a new trial and for further proceedings not in-
consistent with this opinion.

