Martin v. Martin et al.

No. 11,912.

MARTIN v. MARTIN ET AL.

PLEADING.—*Answer.—Denial.*—A paragraph of answer setting out facts which amount to a denial of the cause of action stated in the complaint, is good.

STATUTE OF LIMITATIONS.—*Real Estate.—Specific Performance of Contract.— Quieting Title.*—Under section 294, R. S. 1881, actions for the specific performance of a parol contract of purchase of real estate, and to quiet title to real estate alleged to have been held by a decedent in trust for the plaintiff, must be brought within fifteen years.

NEW TRIAL.—*As of Right.—Bond.—Second Application.—Error Cured.*—An error in granting a new trial as of right, without a bond being tendered and approved as required by section 1064, R. S. 1881, is cured by a second order granting a new trial upon a new application and a compliance with the statute, although the first order is not formally set aside.

WITNESS.—*Action Between Heirs.*—In an action between a brother and sister relative to the title to land which both claim through their deceased father, a brother of the claimants and his wife, who are parties to the action but not to the issues, and disclaim any interest in the subject-matter of the controversy, are competent witnesses.

SAME.—*Competency under Section 500, R. S. 1881.*—Where, in an action between heirs, a witness is called by one party, who testifies as to a conversation, relating to the matters in controversy, had by him with the opposite party, prior to the decedent's death and in his absence, such opposite party becomes a competent witness, under section 500, R. S. 1881, in response to such testimony, but his right to testify is limited to the conversation in question.

EVIDENCE.—*Real Estate.—Trust.—Payment of Taxes.*—In an action seeking to establish a trust in land, receipts showing that the person sought to be declared a trustee paid the taxes on the land while it was in his possession, is competent.

TRIAL.—*Whether by Court or Jury.—How Determined.*—In determining whether a cause is triable by the court or by a jury, under the provisions of section 409, R. S. 1881, neither the prayer for relief nor the name given to the action by the pleader is controlling, but the court will look to the substantive facts pleaded.

SAME.—*Rule Stated.*—Where the cause of action is one that can only be enforced by invoking the equitable powers of the court, the right of trial by jury does not maintain ; but if the cause of action does not depend on the equitable jurisdiction of the court, a trial by jury may be de-

manded. *Johnson* v. *Taylor*, 106 Ind. 89, and *Kitts* v. *Willson*, 106 Ind. 147, modified.

SAME.—*Real Estate.—Action by Equitable Owner to Recover.—Ejectment.*—An action by a plaintiff who seeks to recover the possession of land as the equitable owner thereof, is of exclusive equitable jurisdiction, within the meaning of section 409, R. S. 1881, and triable by the court, but an ordinary action in ejectment is triable by jury.

SAME.—*Mixed Actions.— Withdrawal of Cause from Jury.—Instruction to Find for Defendant.*—Where, in case of the joinder of law and equity causes of action, the issues in the former are submitted to a jury, it is the duty of the court, if there is a failure of proof on the part of the plaintiff, to either withdraw the case from the jury or instruct them to find for the defendant.

From the Wabash Circuit Court.

*M. H. Kidd, N. G. Hunter, W. G. Sayre, J. T. Hutchens* and *A. Taylor*, for appellant.

*I. D. Conner, Jr., J. S. Frazer* and *W. D. Frazer*, for appellees.

BERKSHIRE, J.—The complaint, as originally filed, contained but one paragraph, but afterwards second, third and fourth paragraphs were filed. To each paragraph a demurrer was filed by the appellees John T. and Matilda Kendall. The court sustained the demurrers to the first, third and fourth paragraphs, and overruled the demurrer to the second paragraph, and proper exceptions were reserved. Afterwards an amended third paragraph and two additional paragraphs of complaint, numbered five and six, were filed. To these paragraphs the appellees Kendall demurred, and the court overruled the demurrers. An answer was then filed in seven paragraphs. To all of these paragraphs, except the first, which was the general denial, the appellant filed demurrers; the demurrers were sustained to the sixth and seventh paragraphs and overruled as to the others, and the appellant reserved his exceptions. The appellant then replied in two paragraphs. To the second paragraph the appellees Kendall demurred and the demurrer was sustained, and the appellant saved the proper exception.

The cause then being at issue, it was submitted to a jury for trial, who afterwards returned a verdict for the appellant, and the court rendered a judgment in his favor on the 18th day of May, 1881. On the 5th day of December, 1881, the appellees Kendall moved the court for a new trial, as of right, and proved to the court that they had paid the costs that had accrued in the action, and the court set aside the judgment and granted to them a new trial. On the 28th day of March, 1882, the appellees Kendall again came before the court and moved for a new trial, as a matter of right, and tendered a bond as required by section 1064, R. S. 1881, and the court, without setting aside the former order that had been made, approved the bond and again made an order granting a new trial. On the 6th day of December, 1883, the appellees Kendall filed an amended sixth paragraph of answer, to which the appellant demurred, which demurrer was overruled, to which ruling of the court an exception was taken by the appellant. The appellant then filed a reply in two paragraphs, to the second of which the appellees Kendall demurred; the demurrer was sustained, and the proper exception reserved by the appellant. The appellant then demanded a jury trial as to the issues joined on all of the paragraphs of complaint, which the court denied, except as to the issues joined on the fifth paragraph, and the appellant saved the proper exception.

The issues joined were then submitted to a jury as to the fifth paragraph, and as to all the other paragraphs submitted to the court. After the evidence had all been introduced the court directed the jury to return a general verdict, and to answer and return therewith certain interrogatories, which the court submitted to them, and the jury did as directed, and thereupon the court found for the appellees as to all the issues in the case. The appellant then moved the court for a new trial, which motion the court overruled, and the appellant saved the proper exception, and the court rendered

judgment for the appellees. The errors assigned are the following:

1st. The court erred in sustaining the demurrer to the first paragraph of the complaint.

2d. The court erred in overruling the demurrers to the second, third, fourth and fifth paragraphs of the answer.

3d. The court erred in granting a new trial, as of right, at the November term, 1881.

4th. The court erred in setting aside a former order and granting a new trial at the February term, 1882.

5th. The court erred in overruling the several motions of the plaintiff to vacate the orders for a new trial at the April term, 1882.

6th. The court erred in overruling the demurrer to the amended sixth paragraph of answer.

7th. The court erred in sustaining the demurrer to the second paragraph of reply to the amended sixth paragraph of answer.

8th. The court erred in overruling the motion for a new trial.

It will not be necessary for us to consider the first paragraph of the complaint, because, if it was a good paragraph, there was no available error in sustaining the demurrer thereto, as the same facts were provable under the second paragraph.

The second and third paragraphs of complaint alleged that Joel Martin was the father of the appellant; that he held certain real estate in trust for the appellant, and died leaving the trust unexecuted; that before his death he executed his last will and testament, whereby he devised said real estate to the appellee Matilda Kendall, and then follows a prayer for the execution of a deed, for possession, and to quiet title by a decree of the court.

There is some difference in the averments, but the general statement above covers substantially the causes of action stated in the two paragraphs.

The fifth paragraph is an ordinary complaint in ejectment, and the sixth is a paragraph for the specific performance of a parol contract of purchase of real estate.

The second and fourth paragraphs of answer are separate answers by the appellee Matilda Kendall. The second paragraph alleges an adverse possession of the real estate for twenty years immediately before the bringing of this action, and the fourth paragraph alleges that the cause of action did not accrue within twenty years next before the bringing of the action. We are unable to see any infirmity in these paragraphs of answer. The third paragraph is pleaded as the separate answer of the appellee John T. Kendall. The answer avers that he is the husband of his co-appellee, Matilda Kendall, and that she is the fee simple owner of the real estate, and entitled to its possession. This paragraph of answer amounts to a denial, and is therefore a good answer.

The fifth paragraph of answer is pleaded jointly by Lewellen and Nancy Martin, two of the appellees. This paragraph avers that the title to the real estate is in Matilda Kendall, to whom it was conveyed, followed by a disclaimer of any interest in the real estate. This paragraph is a mere denial of the appellant's cause of action, and is therefore sufficient as an answer.

The sixth paragraph of answer, as amended, is a plea of the statute of limitations, jointly by the appellees Kendall. It alleges that the appellant's cause of action, as pleaded in each paragraph of his complaint except the fifth paragraph, did not accrue within fifteen years before the institution of the suit.

We are of the opinion that this is a good answer. There is no other period of limitation, as fixed by the statute, applicable to the paragraphs of the complaint to which this answer is pleaded, therefore the fifteen years' limitation, as provided in section 294, R. S. 1881, must apply. See *Nutter* v. *Hawkins*, 93 Ind. 260; *Caress* v. *Foster*, 62 Ind. 145; *Albert* v. *State, ex rel.*, 65 Ind. 413; *Potter* v. *Smith*, 36 Ind.

231; *Eve* v. *Louis*, 91 Ind. 457; *Scherer* v. *Ingerman*, 110 Ind. 428.

The second paragraph of reply to the amended sixth paragraph of the answer was bad, and the court committed no error in sustaining the demurrer thereto.

The order granting the new trial as of right, on December 5th, 1881, was probably erroneous, as no bond was tendered and approved by the court as required by section 1064, R. S. 1881, which was then in force.

Afterwards, on the 28th day of March, the appellees having tendered a bond, as required by said section 1064, which was approved by the court, on appellees' motion, a new trial was again granted to them as of right. We are of the opinion that this cured the error, and that the new trial was properly granted. There can be no doubt that, if the court had formally set aside the first order granting a new trial, the error in granting the same would have been cured. The record would have then stood as though no action had taken place looking to a new trial, and the second order would have been proper. The only objection made to the second order is, that the court had no power to grant a new trial the second time, while the first order was in existence. The court did, substantially, that which we have indicated it had the right to do. The granting of the new trial the second time had the effect to wipe out and set aside the first order made.

We have not considered the question as to whether or not the action was one in which the appellees were entitled to a new trial as of right, for no such question is presented by the record.

We are of the opinion that the court committed no error in overruling the motions to set aside the orders vacating the judgment and granting a new trial.

The second reason assigned for a new trial is, that the court erred in admitting certain evidence given by a witness named Watson. We have examined his evidence, and particularly

that to which objection is made. In part it consisted of a conversation with John H. Martin, the appellant. We can imagine no valid objection to this evidence ; his declarations were certainly competent evidence for the opposite party. The remainder of the evidence of the witness, to which objection is made, relates to the acts of Joel Martin, who held the legal title to the land, with reference to it, such as making improvements thereon, cultivating the land, and the like. This evidence, we think, was competent and very pertinent to the issues.

The third and sixth reasons assigned for a new trial are, that the court erred in allowing Lewellen Martin and Nancy Martin to testify on the trial. The objection, as we find it in the bill of exceptions, is as to their competency. Lewellen Martin was a brother of the appellant and of the appellee Matilda Kendall, and one of the heirs-at-law of Joel Martin, the ancestor. Nancy Martin was his wife. Joel Martin died, holding the legal title to the real estate, which by his will vested at his death in his daughter, the appellee Matilda Kendall. The appellee claims title to the land (1), because his father held it in trust for him; and (2), because he purchased it of his father by parol contract, went into posssession, made lasting and valuable improvements, and paid the purchase price. The contest is one between the appellant and the female appellee. Neither Lewellen Martin nor Nancy Martin has any interest in the subject-matter of the controversy. In their answers they disclaim any such interest, but allege that the land belongs to Matilda Kendall. It is true they are made parties to the action, but this does not disqualify them as witnesses. They are not parties to the issues, and are not, therefore, disqualified as witnesses. *Spencer* v. *Robbins*, 106 Ind. 580 ; *Upton* v. *Adams*, 27 Ind. 432 ; *Starret* v. *Burkhalter*, 86 Ind. 439 ; *Scherer* v. *Ingerman*, *supra*. The court committed no error in permitting them to testify.

The fourth reason assigned for a new trial is, that the court

erred in admitting certain tax receipts in evidence. The objection to the receipts was that the evidence did not tend to overthrow the trust sought to be established, nor to establish an adverse title in the ancestor, Joel Martin.

We are of the opinion that evidence tending to show that, while in possession of the land, Joel Martin paid the taxes thereon, was very pertinent to the issues. The court committed no error in the admission of this evidence.

The eighth reason assigned for a new trial is, that the court erred in refusing to allow the appellant to testify that at the time he moved off of the land in question, and referred to in the testimony of Robert Watson, he did not move off of the land because his father had refused to make him a deed, but because he wanted to live on the other land and improve it; that his father had not refused to make him a deed, but had simply postponed it, and that the appellant did not abandon the land or the possession thereof; and the plaintiff further offered to show by himself as a witness that, at the time he saw John Robinson at the mill with logs, about which Robinson testified, he bought the trees of his father, Joel Martin, and that they came off of other land than the land in question.

Section 500, R. S. 1881, did not give to the appellant the right to testify generally as to his reasons for removing from the land because of the testimony given by Watson. The foregoing section gave him the right to testify to the same matter, provided the conversation was in the absence of the decedent. The court committed no error in sustaining the objection to this evidence.

One John Robinson testified as a witness and testified to a conversation with the appellant in a certain mill-yard. The witness testified that the appellant was hauling walnut logs to the mill, and that he asked appellant where he got them, and that he stated that he bought them from his father, and that they came off of the upper place, the place in controversy. There can be no doubt but that the appellant was a

competent witness, under the statute, to testify as to the conversation with Robinson; but the offer reaches farther, it was to prove by the appellant that the logs did not come off of the land in question, but off of other land, the title to which was in his father and to which he was making no claim. If the logs were taken from different land than that in question, as claimed by the appellant, the circumstances may have been such as to have indicated a recognition by the appellant of his father's absolute ownership of the land in question, and known only to the father in his lifetime and to the appellant. And the truth may be that the logs did come off of the "upper place," a fact of which the father may have had knowledge, and to which he could testify if living.

We are of the opinion that the appellant was not a competent witness, as to the offered evidence, and that the court did right in not allowing him to testify thereto.

This leads us to the ninth, tenth and eleventh reasons assigned for a new trial, which may be considered together.

The ninth reason is, that the court erred in instructing the jury to return a verdict for the defendants upon the fifth paragraph of the complaint.

The tenth reason is, that the court refused to allow the jury to consider and return a verdict upon the whole case.

The eleventh reason is, that the court erred in requiring the jury to return a verdict upon the fifth paragraph of the complaint before the argument upon the whole case and the return of answers to questions tendered them upon the whole case.

" Issues of law and issues of fact in causes that, prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction, shall be tried by the court; issues of fact in all other causes shall be triable as the same are now triable. In case of the joinder of causes of action or defences which, prior to said date, were of exclusive equitable jurisdiction, with causes of action or defences which, prior to said date, were designated

as actions at law and triable by jury—the former shall be triable by the court, and the latter by a jury, unless waived; the trial of both may be at the same time or at different times, as the court may direct." Section 409, R. S. 1881.

The nature of the cause of action must be determined from the substantive facts therein pleaded, and not from the prayer for relief nor from the name given to the action by the pleader. The nature of the action and the different paragraphs of the complaint have already been stated.

In the second, third and sixth paragraphs the appellant was not seeking to recover as the holder of the legal title to the land in question, but as the equitable owner thereof.

It is not every cause of action which the pleader styles an action of ejectment or to quiet title that entitles the parties to a trial by jury; nor will the prayer for relief have any controlling influence in determining whether or not a jury may be called. The court will look to the substantial averments of the complaint or cross-complaint, as the case may be, and from the facts so averred determine whether the action is one of equitable or common law jurisdiction, and if the former, refuse a trial by jury.

If this were a case of first impression it would be free from doubt; but in view of at least two cases in this court some confusion has arisen. We refer to the cases of *Johnson* v. *Taylor*, 106 Ind. 89, and *Kitts* v. *Willson*, 106 Ind. 147.

These cases are in conflict with what is said in the case of *Spencer* v. *Robbins*, 106 Ind. 580. We are of the opinion that that case states the rule of practice correctly, and we therefore refer to it with approval.

We quote from the opinion: " Upon the issues made, no questions of equitable cognizance having been made, the case was triable by a jury, but as the motion of the appellant was to submit a single question relating to the execution of a deed, to a jury, it was not error to overrule it. That the action was to quiet title, nominally, does not necessarily de-

termine that it was triable by a jury. Where the purpose of the action is primarily to establish an equitable right to land and acquire a legal title through such right by the decree of the court, as by the specific enforcement of an agreement, the reformation of a deed, or the establishment of a trust, etc., the case is of equitable cognizance."

The case of *Trittipo* v. *Morgan*, 99 Ind. 269, was an action to quiet title, but in that case it was the legal title that was involved, and not a mere equitable right. In cases of that class the parties are clearly entitled to a jury trial, and what is said in the opinion upon that question must be regarded as having reference to the case under consideration. We lay down the rule as follows: Whenever the cause of action is one that can only be enforced by invoking the equitable powers of the court, then the right of trial by jury does not maintain; but if the cause of action does not depend on the equitable jurisdiction of the court, then a jury trial may be demanded. In so far as the cases of *Johnson* v. *Taylor, supra,* and *Kitts* v. *Willson, supra,* seem to be in conflict with the rule as here stated, they are modified and limited.

The causes of action embraced in the second, third and sixth paragraphs of the complaint are of exclusive equitable jurisdiction within the meaning of section 409, *supra.*

The fifth paragraph of complaint being in ejectment, the court did right in submitting the issues joined thereon to a jury; but when the evidence had all been introduced, as there was an entire failure of proof to support the issues on the appellant's part, it became and was the duty of the court either to take the case from the jury or instruct them to find for the appellees. *Gaff* v. *Greer,* 88 Ind. 122.

We have not examined the other instructions, because the appellant could not be injured by them, his case having failed before the jury for want of evidence.

The court having the whole case before it, it became and was its province to make a finding upon the evidence intro-

duced, and to render judgment accordingly.    This was done. We find no error in the record.

The judgment is affirmed, with costs.

MITCHELL, J., took no part in this decision.

Filed April 6, 1889.