Filed June 9, 1892.

No. 15,874.

## ABERNATHY ET AL. *v.* ALLEN ET AL.

TRIAL BY JURY.—*Partition.*—*Joinder with Equitable Actions.*—Where a paragraph for partition is joined with paragraphs stating causes of action of exclusively equitable jurisdiction, prior to June 18th, 1852, the parties are entitled to have the issue of partition tried by a jury.

From the Boone Circuit Court.

*T. J. Terhune* and *B. S. Higgins,* for appellants.
*C. S. Wesner* and *O. D. Wesner,* for appellees.

McBRIDE, C. J.—The complaint in this case was in three paragraphs.   The first paragraph was by heirs to set aside a

voluntary conveyance made by a deceased ancestor upon the ground that it was procured by fraud and undue influence.

The second was to set aside a conveyance made by the ancestor on the ground that he was of unsound mind when he made it.

The third paragraph was for partition, and alleged that certain of the parties, plaintiff and defendant, were the owners in fee simple of certain land, describing it, and stating the specific interest alleged to belong to each. It alleged the indivisibility of the land, and asked that the parties be declared the owners of the same in the several shares indicated, and for partition. The complaint was in the usual form and its averments were specific. Issues were joined by answer of general denial.

The appellants, who were the plaintiffs below, demanded a trial by jury as to the issues joined on each paragraph. The court denied them a jury and the cause was tried by the court. The only question presented by the record arises on this action of the court, the question having been properly saved by exception and by bill of exceptions. The appellants insist they were entitled to a trial by jury of the issue joined on the third paragraph of the complaint, while the appellees argue earnestly that the action of the .court was right. They apparently base this contention upon the ground that the court, in passing upon the demand for a jury to try that issue, was authorized to look to and consider the averments in each of the other paragraphs. Counsel say:

"The third paragraph, when taken as a part of the complaint or as a whole, proceeds upon the theory that the deed of conveyance named in the first and second paragraphs, executed by Simon Allen to defendants, is void or voidable. The three paragraphs might properly be united in one. It follows as a conclusion that if the plaintiffs fail on the first and second paragraphs, they can take nothing by the third. The complaint must be taken as a whole in this court."

Section 278, R. S. 1881, authorizes a plaintiff to unite

several causes of action in the same complaint in certain cases. The several causes of action, stated in the several paragraphs of the complaint at bar, all fall within the fifth clause of that section, and may properly be thus joined.

When the complaint contains more than one cause of action, each must be distinctly stated as a separate paragraph, and numbered. Section 338, R. S. 1881, clause 3.

Each paragraph must be sufficient in its own averments, and must in and of itself state a good cause of action.

It can not be aided by material averments contained in other paragraphs. Works Pr. & Pl., section 383, and authorities cited. While there is, in the case at bar, no question as to the sufficiency of any paragraph of the complaint, a consideration of the foregoing rule demonstrates the fallacy of the position taken by counsel for the appellees.

Each paragraph is, in effect, a separate complaint. We have, therefore, three separate complaints, which the statute says may be thus legitimately joined, and the questions raised by each and by all of them litigated together. It does not follow, however, that they may all be litigated in the same way.

Section 409, R. S. 1881, provides that in case of the joinder of causes of action which, prior to June 18, 1852, were of exclusive equitable jurisdiction with causes of action which, prior to that date, were designated as actions at law and triable by a jury, the former shall be triable by the court and the latter by a jury, unless waived. " The trial of both may be at the same time, or at different times, as the court may direct."

It is conceded that the issues joined on the first and second paragraphs of complaint were of exclusive equitable cognizance, and properly triable by the court. This court, in the case of *Kitts* v. *Willson,* 106 Ind. 147, held that in a suit for partition the parties were, under this statute, entitled to a jury trial. In the case of *Martin* v. *Martin,* 118 Ind. 227, the case of *Kitts* v. *Willson* was criticised, and modified,

but not in such manner as to affect its authority on this point. In our opinion the parties were entitled to have that issue tried by a jury, and the court erred in refusing it.

Judgment reversed, with costs.

