Monnett *et al. v.* Turpie *et al.*

Filed Oct. 26, 1892.

---

No. 16,007.

MONNETT ET AL. *v.* TURPIE ET AL.

EQUITY.—*Action for Cancellation of Conveyance.*—*Trial by Jury.*—An action to have certain conveyances cancelled and the title revested in the grantor on the ground that at the date of their execution the grantor was of unsound mind and that the conveyances were procured by fraud and without consideration would, prior to the 18th day of June, 1852, have fallen within the exclusive jurisdiction of a court of equity, and it was not error to refuse to grant a trial by a jury.   Section 1064, R. S. 1881.

SAME.—*Decree Affecting Lands Outside of State.*—In an equitable action, the court having jurisdiction of the person is able, by process against the defendants *in personam,* to enforce its decree affecting land without, as well as within the State.

PLEADING.—*How to be Construed.*—The nature of an action must be determined from the general character and scope of the pleading, disregarding isolated and detached allegations not essential to the support of its

main theory, and must be construed as proceeding upon the theory which is most apparent and most clearly outlined by the facts stated. Such a construction should be given as will give full force and effect to all of its material allegations and as will afford the pleader full relief for all injuries stated in his pleading.

From the Carroll Circuit Court.

*E. P. Hammond, M. F. Chilcote* and *W. B. Austin,* for appellants.

*L. Walker* and *W. B. McClintic,* for appellees.

MILLER, J.—The action of the court in refusing to grant the appellant a trial by jury is the only question involved in this appeal.

The complaint consisted of three paragraphs.

The first paragraph shows that on and prior to January 5, 1881, Thomas Monnett was the owner of several distinct tracts of land in Carroll and White counties, Indiana, and in Prairie county, in the State of Arkansas; that he was, and for a long time prior thereto had been, a person of unsound mind, of which the defendants had notice; that on that day, with full knowledge that he was of unsound mind, the defendants, James H. Turpie and William Turpie, fraudulently and without consideration, induced him to convey to them, by certain instruments of writing, purporting to be warranty deeds, all said real estate.

That on the 23d day of June, 1881, the said Thomas Monnett was, on inquest duly had, declared to be a person of unsound mind and incapable of managing his own estate, and a guardian of his person and estate appointed; that on the 4th day of April, 1883, the guardian demanded a reconveyance of all said lands to the said ward, at the same time tendering them for execution a conveyance to that effect; that they refused, and still refuse, to execute the same.

Subsequently Thomas Monnett died, and by supple-

mental complaint his heirs were substituted as plaintiffs. The prayer for relief is:

"Wherefore, the plaintiff prays the court for a judgment disaffirming the said deeds to said defendants, James H. Turpie and William Turpie, and cancelling the same, and that the title to said lands by the decree of the court be revested in the plaintiff freed and discharged from all claims of the said defendants, and each of them, and for such other relief as may be equitable and just."

The other paragraphs of complaint, in so far as they affect the question involved, do not differ from the first.

The appellants, after the inquest of lunacy and disaffirmance of the conveyances, had their election to pursue either one of two courses:

1. To treat the conveyances as having been avoided by the disaffirmance, and if out of possession sue in ejectment, or to quiet title. *Brown* v. *Freed,* 43 Ind. 253; *Freed* v. *Brown,* 55 Ind. 310; *Nichol* v. *Thomas,* 53 Ind. 42; *Long* v. *Williams,* 74 Ind. 115.

2. Proceed in equity to have the conveyances cancelled and the title revested in the grantor (1 Pomeroy Eq., section 110); in which case the chancery court having jurisdiction of an essential part of the case the whole is drawn into equity. *Towns* v. *Smith,* 115 Ind. 480; *Quarl* v. *Abbett,* 102 Ind. 233; *Lake* v. *Lake,* 99 Ind. 339.

To determine which of these courses the appellants elected to pursue is to determine their right to a trial by jury. If the complaint is an action to quiet title as provided by our code, section 1070, the action was triable by jury and the court erred in refusing, upon appellant's motion, to submit the cause to a jury for trial. *Puterbaugh* v. *Puterbaugh,* 131 Ind. 288; *Trittipo* v. *Morgan,* 99 Ind. 269; *Johnson* v. *Taylor,* 106 Ind. 89; *Kitts* v. *Willson,* 106 Ind. 147.

If, on the contrary, the action was for the cancellation

of the deeds it was one that, prior to the 18th day of
June, 1852, would have fallen within the exclusive juris-
diction of a court of equity, and was triable by the court.
Section 1064, R. S. 1881.

The nature of the action must be determined from the
general character and scope of the pleading, disregarding
isolated and detached allegations not essential to the sup-
port of its main theory. *First National Bank, etc.,* v. *Root,*
107 Ind. 224; *Cottrell* v. *Ætna L. Ins. Co.,* 97 Ind. 311;
*Bingham* v. *Stage,* 123 Ind. 281; *City of Ft. Wayne* v.
*Hamilton, post,* p. 487.

The court will construe the pleading as proceeding
upon the theory which is most apparent and most clearly
outlined by the facts stated. *Batman* v. *Snoddy, ante,* p.
480.

The complaint will, if possible, be given such construc-
tion as to give full force and effect to all of its material
allegations and such as will afford the pleader full relief
for all injuries stated in his pleading.

We have arrived at the conclusion that the complaint
must be regarded as a complaint for equitable, rather
than legal relief. The complaint is destitute of some of
the allegations found in an ordinary complaint to quiet
title (*Miller* v. *City of Indianapolis,* 123 Ind. 196), and
contains much that is unusual and unnecessary in such
actions.

While the nature of the action must be determined from
the substantive facts pleaded and not from the prayer for
relief (*Martin* v. *Martin,* 118 Ind. 227), the statement of
the relief demanded may be looked to, in connection with
the other averments. *Galway* v. *State, ex rel.,* 93 Ind. 161.

The primary object of the action seems to have been
the cancellation of the conveyances. The vague and un-
certain relief asked for, the revesting of the title in the
grantor, freed of the claims of the defendants, is insuf-
ficient to give character to the pleading.

There is, however, another element in the case which, beyond question, characterizes the action as one for equitable relief; that is the fact that conveyance of the real estate situate in the State of Arkansas is set forth and made a material part of the complaint.   This real estate being situate in another State wholly beyond the jurisdiction of the courts of this State to quiet the title thereto conclusively shows that that was not the object of the suit.   We could not presume that the plaintiff instituted an action upon a particular theory when, according to that theory, a material and substantial portion of the subject-matter of the action was wholly without the jurisdiction of the court, if another theory equally sustained by the facts pleaded and relief demanded, would bring the whole subject-matter of the action within its jurisdiction.

If the action was in equity, the court, having jurisdiction of the person, was able by process against the defendants *in personam* to enforce its decrees affecting the land without, as well as within, the State.   *Coon* v. *Cook*, 6 Ind. 268; *Dehart* v. *Dehart*, 15 Ind. 167; *Bethell* v. *Bethell*, 92 Ind. 318; 1 Pomeroy Eq., section 135.

The appellants having elected to proceed in equity, they thereby deprived themselves of the privilege of submitting their cause to a jury for trial.

We find no error in the record.

Judgment affirmed.

Filed Nov. 3, 1892.