Filed May 10, 1893.

---

No. 16,238.

PEDEN v. CAVINS ET AL.

STATUTE OF LIMITATIONS.—*Action for Partition.*—*Fifteen Years' Statute.*
—*When a Good Defense.*—The twenty years' statute of limitation does not apply to actions for partition; and, to make the plea of the fifteen years' statute a good defense in such an action, it must show an adverse holding for fifteen years.

SAME.—*Set-Off.*—*Life Equal to Original Claim.*—The life of a set-off is equal to that of the original claim, and is only barred when the original claim is barred.

PLEADING.—*Bad Reply to Bad Answer.*—*Overruling Demurrer to Reply.*—*Assignment of Error.*—A bad reply is good to a bad answer, and error can not be predicated upon the action of the court in the overruling of a demurrer to such reply.

Peden *v.* Cavins *et al.*

SAME.—*Partition.—Counter-Claim for Improvements.—Answer Setting Up Receipt of Rents and Profits.*—In an action for partition, when the tenant in possession asks an allowance for improvements made while in possession, the co-tenant may answer setting up the facts as to the receipt of rents by the tenant in possession due the co-tenant, and such facts may be taken into account in making the adjustment.

TRIAL BY JURY.—*Partition.—Cross-Complaint for Equitable Relief.—General Motion.*—In an action for partition, when the defendant answers by cross-complaint asking for equitable relief—an accounting between the tenants—the defendant demanded a trial of the issues by a jury, which was refused. The issues joined on the cross-complaint demanding equitable relief were triable by the court alone, and there was no error in the action of the court. Had the motion for submission been confined to the issues joined on the complaint, the result would have been different.

DESCRIPTION.—*Partition.—Order of.—Commissioners' Report.—Variance.*—It is not error for the court to overrule a motion to set aside the report of commissioners in partition, on the ground that the description of the land in the order of partition and the description in the report of the commissioners do not correspond, unless such variance affirmatively appears of record.

From the Daviess Circuit Court.

*W. R. Gardiner* and *S. H. Taylor*, for appellant.
*W. W. Moffett* and *C. E. Davis*, for appellees.

OLDS, J.—This is a suit for the partition of certain real estate situate in Greene county, Indiana. The suit was instituted in the Greene Circuit Court and the venue afterwards changed to the Daviess Circuit Court, where there was a trial by the court, a special finding of facts and conclusions of law stated, and judgment rendered in favor of the appellees, from which judgment this appeal is prosecuted.

The complaint is, in form, an ordinary complaint in partition.

It appears that one Hughes East and wife conveyed all of the lands to the appellant in 1866, and put the appellant in possession of the same. In 1883, one Rebecca East asserted her ownership in the undivided one-half of

the land, and at that time prosecuted an action in eject-
ment against the appellant, and recovered a judgment in
said cause, establishing her title to the one-half of the
land, and for $460 damages, which appellant paid. Af-
terwards, Rebecca East and her husband conveyed her
one-half interest in the land to the appellees, Aden G.,
Elijah, and William Cavins, who instituted this suit
against the appellant for partition.

Exceptions were taken to various rulings of the court
which were properly reserved and assigned as error, and
which are discussed by counsel.

The second paragraph of answer to the complaint is
the twenty years' statute of limitation, and the third
paragraph pleads the fifteen years' statute of limitation.

These two paragraphs of answer are each a general plea
of the statute of limitation.

The third paragraph of reply to these two paragraphs
of answer pleaded the judgment in the ejectment case of
Rebecca East.

To this paragraph of reply the appellant demurred,
and the court overruled the demurrer, and this ruling is
the first alleged error discussed.

The twenty years' statute of limitation is not applicable
to an action in partition. *McCray* v. *Humes*, 116 Ind.
103.

Indeed, neither of the paragraphs of answer was good
as pleaded. It has been held that the fifteen years'
statute of limitation was applicable to a partition suit in
the case above cited. When one cotenant holds posses-
sion to the exclusion of the others claiming to own the
whole, and holding it adversely to the other cotenants,
then an action for partition by a cotenant would be
barred, but when cotenants own land and neither holds
possession adversely to the others, the fact that they hold
the lands as tenants in common for more than fifteen

years does not bar the right of either to partition, though they may have enforced that right at any time from the date when they so became tenants in common in the land. To make a plea of the statute of fifteen years a good defense to a suit for partition it must show a holding adversely for fifteen years.

The answer in *McCray* v. *Humes*, *supra*, showed a holding adversely, under claim of title, for fifteen years, and the holding in that case was correct. To the same effect is the holding in the case of *Nutter* v. *Hawkins*, 93 Ind. 260.

It would be an anomalous doctrine to hold that when, as in this case, a tenancy had run over fifteen years, and that after one tenant had prosecuted an action in ejectment against his cotenant and established his title to the land, he could not then maintain an action in partition and have his portion of the land set apart to him.

In *Jenkins* v. *Dalton*, 27 Ind. 78, it was held that a failure to assert the right for partition for a period of twenty years will not bar an action for partition. The court, in speaking of the partition of lands, says: "In such a case, the right to the partition exists from the date of the tenancy. It may or may not be exercised, in the discretion of the tenants. All the tenants have an equal right to possession, and may all be satisfied to enjoy the estate in common. Partition may not be desired by any one or more of the tenants for a period of time greater than that prescribed by any statute of limitation; and the fact that such a period is suffered to elapse, does not in any manner affect the right of one or more of the tenants to have partition." Freeman on Cotenancy, section 491.

There was no error in overruling the demurrer to this

paragraph of reply. A bad reply is good to a bad answer, so whether it is sufficient for a good answer or not, it was not error to overrule a demurrer to it, as the answers were bad.

The appellant filed a cross-complaint, alleging that he had been the owner of one-half of the land for twenty-five years; that he had made valuable and lasting improvements thereon, paid taxes on all the land, aggregating $1,000.

The appellees answered the cross-complaint, and in the fourth paragraph of the answer alleged that appellant had been in possession as tenant in common with their grantor long before he made the improvements, and had received the rents and profits for all the land, amounting to $3,000, one-half of which belonged to the cotenant, and had received and converted to his own use walnut trees and other valuable timber growing thereon, of the value of $500, which sums they asked to have taken into account and set off as against any sum allowed appellant on his claim for improvements and taxes. To which fourth paragraph of answer appellant demurred, and the demurrer was overruled, and this ruling is the next alleged error discussed.

Freeman on Cotenancy, section 510, lays down this doctrine:

"As the allowance of compensation for improvements is, in all cases, made, not as a matter of legal right, but purely from the desire of the court to do justice, the compensation will be estimated so as to inflict no injury on the cotenant against whom the improvements are charged. He will therefore be charged, not with the price of the improvements, but only with his proportion of the amount which at the time of partition they add to the value of the premises. From this amount he will also be entitled to deduct any sum to which he may have a just claim for

use and occupation of his moiety enjoyed by the cotenant making the improvements.''

In *Alleman* v. *Hawley*, 117 Ind. 532 (538), this court says: ''The appellant's right to compensation for her improvements is not a legal right, depending upon a statute, but is a right resting upon equitable principles, and one which a court of equity will enforce.''

The cross-complaint pleaded a state of facts in relation to the occupancy of the land and the making of improvements, which gave him an equitable right to compensation for them, and the answer not controverting the manner of his occupancy, pleaded the fact that while so occupying he had received the rents, and had taken and used valuable growing trees, stating the amount and value of each. This, we think, was sufficient to make a good answer to the counterclaim, that it might be taken into account and adjusted in determining what amount, if any, was due the appellant for improvements and taxes alleged to have been made and paid by appellant. It would be inequitable to hold where a cotenant, in possession of the whole land, has received the rents for a number of years, and while he so holds the share of rents due his cotenants, he makes improvements, that when partition was sought the tenant in possession could recover the full value of the improvements made, without deduction for the rents received by him due his cotenants; and we think that when a tenant asks an allowance for improvements made while in possession, an answer setting up the facts as to the receipt of the rents due the cotenant, showing, as in this case, that he had received the rents prior to the making of the improvements, it states a good defense as a counterclaim or set-off to the action to authorize the court to take into account the rents in making the adjustment.

The cross-complaint alleges a state of facts in relation

to the possession of the land, and the making of improvements, which in equity entitles the occupying tenant to compensation for the improvements, and the answer sets up additional facts, showing that while so occupying the land the tenant received rents belonging to his cotenants, from which he seeks to recover compensation for the improvements made, which in equity and good conscience should be taken into account in determining what amount, if any, should be charged against the other tenant for improvements. It would be manifestly unjust and inequitable to allow the occupying tenant to retain the share of the rents received by him belonging to the other joint owners, and permit him to collect from them the full amount and value of the improvements made. We are cited to *Carver* v. *Coffman,* 109 Ind. 547, as holding that such an answer must allege the holding adversely, and an ouster of the tenant. The answer in that case alleged that fact, and it was held good, but that decision we do not think in conflict with our conclusion. Were it an independent action to recover rents, it would present a different question; but this seeks only to set off the rents, or, rather, to have the rents taken into account in fixing the amount, if any, that the tenant out of possession ought to pay for improvements, and the answer, we think, is good for that purpose.

The next ruling of the court complained of is in sustaining the demurrer to the second and third paragraphs of reply to the fourth paragraph of answer to the cross-complaint. These paragraphs of reply pleaded the six and fifteen years' statute of limitations to the answer of set-off. There was no error in this ruling. The life of a set-off is equal to that of the original claim, and is only barred when the original claim is barred. *Hyatt* v. *Cochran,* 85 Ind. 231.

The next alleged error discussed relates to the ruling of the court in refusing to allow a trial of the whole case by the jury. At the proper time, the appellant "moved the court for, and demanded, a jury to try the issues joined." This demand was for the trial of all the issues found by a jury. We are cited by counsel for appellant to the decision in *Kitts* v. *Willson*, 106 Ind. 147, as supporting the right of appellant to a trial by jury. The decision of *Kitts* v. *Willson*, *supra*, was modified to some extent in the case of *Martin* v. *Martin*, 118 Ind. 227.

Whatever may be the rule in relation to the right to trial by jury in partition, where there is involved the simple question of the right to partition or the quieting of the title, this case presents a different question. In this case issues are also joined on a cross-complaint. The cross-complaint and issues joined thereon involve matters of exclusive equitable jurisdiction. It is an application for an accounting between the tenants. It is an equitable right which appellant seeks by his cross-complaint to have enforced and an allowance made to him for the value of improvements made under such circumstances as he in equity is entitled to compensation for. The issues joined on the cross-complaint were triable by the court. The demand being for a trial of these issues, as well as those joined on the complaint, it covered more than appellant was entitled to, and it was properly overruled. Had appellant demanded a trial of the issues joined on the complaint by a jury, it would have presented a different question.

The statute, section 409, R. S. 1881, makes some issues triable by the court and some triable by the jury, even when joined in the same action, and a demand for a jury should only include a demand for the trial of such issues as are triable by a jury, and when several issues are joined in a cause, some triable by jury and some by

the court, and a demand for a jury to try all of the issues is made, it is not error to refuse it.   It is a well settled rule that a motion must include only such relief as the party making it is entitled to, else it will not be error to overrule it.

There was no error in refusing the appellant's demand for a jury to try the issues joined.

It is contended that the court erred in its conclusions of law, for the reason that the court finds the improvements made by appellant to be of a certain value, and that he paid the judgment to Mrs. East, and that there is no conclusion giving to either party any sum due them.   The findings show the payment by appellant of a much larger sum for rent during his occupancy than is due him for improvements and sums paid by him, and he can not complain that the court did not conclude there was a sum due him.

Finally, it is contended that the court erred in overruling appellant's objections to the report of the commissioners and motion to vacate the same.   This alleged error is based on the contention that the commissioners included in their report other lands than those embraced in the order of the court and setting the same off to the appellant.   That is to say, it is contended that the commissioners embraced in their report other lands than those described in the proceedings and order, and in dividing the land they set apart to the appellant, and included in the description of the land set apart to him, lands other than those which were being partitioned, and which were not included in the partition proceedings, but in this counsel are in error.   The descriptions in the record correspond; at least it is not affirmatively made to appear that they do not, which is necessary to show error.   The descriptions in the pleading and order are general, the land being designated by governmental sub-

divisions, one of which is fractional; no number of acres are stated, and no metes and bounds are given, while in the report the land is divided and described by metes and bounds. There is nothing to show affirmatively that the two descriptions do not correspond. They appear to correspond.

There is no error in the record.

Judgment affirmed.

Filed May 11, 1893.