MACK v. RUBLE.

[No. 11,438.    Filed June 22, 1922.]

APPEAL.—Review.—Weighing Evidence.—Causes not Triable by Jury.—Statute.—Scope and Applicability.—Where both a complaint to quiet title and a cross-complaint to quiet title and for partition each counted upon a legal title and stated no right to relief of equitable cognizance, the cause might have been tried by jury, and §698 Burns 1914, Acts 1903 p. 338, making it the duty of courts of appeal, on certain conditions,

to consider and weigh the evidence heard by the trial court in cases not triable by jury, is not applicable in determining the sufficiency of the evidence on an appeal from the judgment rendered in such action.

From Knox Circuit Court; *Thomas B. Coulter,* Judge.

Action by John M. Ruble against Emma Mack. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. A. Cullop,* for appellant.

*Kessinger & Hill,* for appellee.

REMY, J.—Action by appellee against appellant to quiet title to certain real estate. To the complaint, appellant filed answer asserting title as tenant in common with appellee, to the undivided one-half of the real estate described in appellee's complaint; also a cross-complaint to quiet title, and for partition. To appellant's answer and cross-complaint appellee pleaded the general issue. Trial by the court resulted in a judgment for appellee quieting his title, and for partition.

The only question involved in this appeal is the sufficiency of the evidence to sustain the decision.

Neither the action nor cross-action is of equitable cognizance. The complaint and cross-complaint each count upon a legal title, and nothing more. The cause, therefore, might have been tried by a jury. *Martin* v. *Martin* (1889), 118 Ind. 227, 20 N. E. 763; *Robertson* v. *McPherson* (1891), 4 Ind. App. 492, 495, 31 N. E. 478. Under such circumstances, §8 of the act of March 9, 1903 (Acts 1903 p. 338, §698 Burns 1914) making it the duty of courts of appeal of this state, on certain conditions, to "consider and weigh the evidence" heard by the trial court in cases not "triable by a jury," is not applicable.

There is evidence to sustain the decision of the trial court.

Affirmed.