McBRIDE *v.* WOOD.

[No. 11,723. Filed October 23, 1923.]

JURY.—*Pleadings.*—*Joining Causes of Actions.*—*Equitable Jurisdiction.*—Where plaintiff voluntarily incorporates complaints for partition and for accounting in a single paragraph, the issues will not be submitted to a jury, since equity having obtained jurisdiction over a portion of the controversy, it will decide the whole.

From Clinton Circuit Court; *Paul M. Souder*, Special Judge.

Action by Mary J. McBride against Bert E. Wood. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*O. E. Brumbaugh, William Robison* and *Thomas M. Ryan*, for appellant.

*Harry C. Sheridan*, for appellee.

REMY, J.—Appellee was in exclusive possession of certain real estate, and had been for more than a year.

Appellant, claiming to be the owner of the undivided one-half of the real estate, and that she had been wrongfully dispossessed by appellee, commenced this suit. The complaint is in five paragraphs. The first paragraph is for partition of the real estate and for an accounting as to the rents and profits, and states facts sufficient as a complaint for each of the two purposes. The issues were closed by an answer in denial. Trial by the court resulted in a finding and decree for appellee. The evidence is not in the record.

The only question for determination arises on the action of the court in refusing a trial by jury on the issues presented by the first paragraph of complaint.

If the cause of action stated in the complaint had been merely for partition, either party would have been entitled to a jury trial. *Kitts* v. *Wilson* (1886), 106 Ind. 147, 5 N. E. 400. On the other hand, if the complaint had been only for the adjustment of mutual accounts, it would have been a suit of equitable cognizance, and neither party would have been entitled to a jury. *Field* v. *Brown* (1896), 146 Ind. 293, 294, 45 N. E. 464; *Peden* v. *Cavins* (1893), 134 Ind. 494, 34 N. E. 7, 39 Am. St. 276; *Porter* v. *Mooney* (1917), 64 Ind. App. 479, 116 N. E. 60; *Abernathy* v. *Allen* (1892), 132 Ind. 84, 31 N. E. 634. Appellant has voluntarily incorporated complaints for partition and for accounting in a single paragraph, and asks that all the issues thus presented be submitted to a jury. The rule is well established that, if equity has obtained jurisdiction over some portion or feature of a controversy, it will proceed to decide the whole, and award complete relief. *Carmichael* v. *Adams* (1883), 91 Ind. 526; *Spidell* v. *Johnson* (1890), 128 Ind. 235, 25 N. E. 889; *Carpenter* v. *Willard Library* (1901), 26 Ind. App. 619, 60 N. E. 365. The court, having acquired jurisdiction of the case presented by the paragraph of the complaint in

question, had authority to treat it as a unit, and as one of exclusive equitable jurisdiction.

It follows that the trial court did not err in refusing to grant a trial by jury.

Affirmed.